**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William WILLIS, Defendant-Appellant.**

**No. 84–1558.**

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 12, 1986.

Decided Nov. 7, 1986.

James K. Jesse (Court-appointed), Buchanan, Mich., for defendant-appellant.

Joel M. Shere, U.S. Atty., Detroit, Mich., Lynn A. Helland, for plaintiff-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Defendant-appellant William Willis appeals from a district court order denying his motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure to

correct the sentence the court imposed following its acceptance of his guilty plea. Willis contends on appeal that he was denied the effective assistance of counsel when entering his guilty plea, that his guilty plea was not voluntary, and that the district court should have allowed him to withdraw his plea prior to accepting it. We hold that none of Willis' claims is properly before us on this appeal from the district court's denial of his Rule 35 motion. Accordingly, we affirm.

· In September, 1983, William Willis was indicted on one count of conspiracy to possess stolen mail in violation of 18 U.S.C. § 371 (1982) and five counts of possession of stolen mail in contravention of 18 U.S.C. § 1708 (1982). With the advice of appointed counsel, Willis entered into a written Rule 11 plea agreement. *See* Fed.R. Crim.P. 11. The agreement provided that Willis would plead guilty to one count of possession of stolen mail, that the government would move to dismiss the other five counts, and that the maximum sentence would be three years imprisonment. At a subsequent guilty plea hearing, Willis stated that the written agreement represented the plea agreement as he understood it, and that the government had made no other promises to induce his guilty plea. The district court took the agreement under advisement pending a presentence investigation.

Returning to the district court for sentencing two months later, on March 23, 1984, Willis indicated that the government had promised him that the three year sentence would run concurrently with the state sentence which he was then serving. The Assistant United States Attorney at first could not recall any such promise, but then affirmatively stated that no such promise had been made. Willis requested permission to withdraw his guilty plea if the court was considering a consecutive sentence. After reviewing the Rule 11 agreement and the guilty plea hearing

record, the district court determined that no agreement existed concerning concurrent sentencing. The court then accepted Willis' guilty plea and sentenced him to three years imprisonment to be served consecutively to Willis' state sentence.

Willis took no direct appeal from this judgment, but instead, on June 8, 1984, moved the district court to correct his sentence pursuant to Fed.R.Crim.P. 35. The district court denied Willis' Rule 35 motion on June 18, 1984, and the order denying the motion was docketed on June 20, 1984. This appeal, submitted on the briefs, ensued.

▪ Before addressing Willis' contentions, we must determine if this court has jurisdiction to hear his appeal. Since a Rule 35 motion is a part of the original criminal action, *see Heflin v. United States*, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1959), an appeal from the denial of such a motion is subject to the 10–day period prescribed in Fed.R. App.P. 4(b) for perfecting an appeal in a criminal action to this court. *United States v. Merrifield*, 764 F.2d 436, 437 (5th Cir.1985); *United States v. Barney*, 691 F.2d 855, 856 (8th Cir.1982). The district court's order denying Willis' Rule 35 motion was docketed on June 20, 1984, giving Willis until July 2, 1984 to file his notice of appeal.[1] The clerk of the district court received a letter from Willis on July 2 which purported to be a notice of appeal. The July 2 letter did not, however, comply with the requirement of Fed.R.App.P. 3(c) that a notice of appeal "shall designate the judgment, order, or part thereof appealed from . . . ," and, therefore, could have been a belated appeal from the district court's March 23 acceptance of Willis' guilty plea and sentencing. After the district court clerk returned the July 2 letter to Willis for correction, it was not until July 27, 1984 that the clerk received a technically correct notice of appeal from Willis which clearly indicated that he was appealing from the

1. Because the tenth day fell on Saturday, June 30, 1984, Willis had until July 2, 1984 to file his

notice of appeal. *See* Fed.R.App.P. 26(a).

district court's denial of his Rule 35 motion. The government, in a motion to dismiss this appeal for want of jurisdiction, argues that Willis' notice of appeal from the district court's denial of his Rule 35 motion was not perfected until the district court clerk received the July 27 letter, thereby depriving this court of jurisdiction to hear Willis' appeal.[2] Resolution of this jurisdictional issue rests on the determination of whether Willis' letter of July 2 may properly be construed as a notice of appeal from the district court's June 18 denial of Willis' Rule 35 motion.

The federal courts of appeals have liberally construed the technical requirements for a notice of appeal contained in Fed.R. App.P. 3(c). *E.g., Campbell v. Wainwright*, 726 F.2d 702, 704 (11th Cir.1984); *see Higginson v. United States*, 384 F.2d 504, 508 (6th Cir.1967) (per curiam) (construing a corresponding provision in former Fed.R.Civ.P. 73(b)), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1137 (1968). The courts have consistently stated that failure to mention or misidentification of the ruling being appealed from does not destroy appellate jurisdiction as long as the intent to appeal is apparent and the appellee suffers no prejudice. *E.g., Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985); *Campbell*, 726 F.2d at 704; *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir.), *cert. denied*, 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981); *Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, U.M.W.*, 484 F.2d 78, 81 (6th Cir. 1973). In addition, courts have been especially reluctant to enforce strictly the notice of appeal requirements when such notice is filed by a *pro se* appellant. *E.g., Yates v. Mobile County Personnel Board*,

658 F.2d 298, 299 (5th Cir.1981) (per curiam) (*pro se* litigants "generally ignorant of procedural rules"); *see also* 8A J. Moore, Moore's Federal Practice ¶ 37.04[2] (2d ed. 1986) ("In dealing with pro se applications by prisoners, the courts have generally been liberal in construing as a notice of appeal any paper indicating an intent to appeal, filed within the ten day period, even though it may omit some of the prescribed elements."); *cf. Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (*pro se* complaints liberally construed).

■ Willis' letter of July 2, filed *pro se*, by its very terms purported to be a notice of appeal. In addition, Willis' July 27 letter, which clarified his July 2 letter by clearly indicating an appeal from the district court's denial of the Rule 35 motion, further evidences Willis' intent to appeal the Rule 35 motion denial on July 2. Finally, the government has not asserted that it would suffer prejudice by our consideration of this appeal. Under these circumstances, we conclude that Willis' failure to specify in the July 2 letter that he was appealing from the district court's denial of his Rule 35 motion does not deprive us of jurisdiction to hear this appeal.[3] Accordingly, we deny the government's motion to dismiss.

■ Having determined that we have jurisdiction to hear this appeal, we are nevertheless constrained to hold that the issues raised by Willis are not cognizable by this court on this appeal for two reasons. First, assuming that Willis' Rule 35 motion to the district court could have properly raised the claims of ineffective assistance of counsel, involuntariness of his guilty plea, and error by the district court in denying him permission to withdraw his

**2.** Normally a court of appeals has discretion to suspend the provisions of the Federal Rules of Appellate Procedure. *See* Fed.R.App.P. 2. Rule 2, however, is specifically limited by Rule 26(b), which states that a court may *not* enlarge the time required for filing the notice of appeal. *See* Fed.R.App.P. 26(b); *cf. Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521

(1978) (limitation in Rule 4(a) is "mandatory and jurisdictional").

**3.** Insofar as this holding may circumscribe technical compliance with Rule 3(c), we further note that Rule 2 permits the courts of appeals to suspend the application of Rule 3(c) "[i]n the interest of expediting decision, or for other good cause shown...." Fed.R.App.P. 2.

plea, his failure to first present these claims to the district court[4] forecloses our consideration of these matters on appeal. *See, e.g., United States v. Polselli,* 747 F.2d 356, 357 (6th Cir.1984) (per curiam), *cert. denied,* 469 U.S. 1196, 105 S.Ct. 979, 83 L.Ed.2d 981 (1985). Second, even if we were inclined to employ our discretion to entertain issues raised for the first time on appeal, such discretion would be improvidently utilized here because Willis' contentions challenge the validity of his guilty plea, not the validity of his sentencing or the denial of his Rule 35 motion. Indeed, the three claims raised by Willis on appeal could not have been properly raised in a Rule 35 motion. A Rule 35 motion presupposes a valid conviction and is an inappropriate vehicle for collaterally attacking the underlying proceeding. *See Gilinsky v. United States,* 335 F.2d 914, 916 (9th Cir. 1964); *see also Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) ("the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence." (emphasis in original)). The issues raised by Willis on this appeal are properly cognizable only on direct appeal, which Willis failed to take, or in a habeas corpus action under 28 U.S.C. § 2255 (1982), which may be pursued at any time.

In light of the foregoing, while the government's motion to dismiss for want of jurisdiction is denied, the district court's order denying Willis' Rule 35 motion is AFFIRMED.

---

**4.** In his Rule 35 motion, Willis moved for a reduction of his sentence solely on the ground that effect should be given to the alleged representations by the government that his sentence would run concurrently with the state sentence he was already serving.