838 F.2d 1215
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph BROWDER, Defendant-Appellant.
 No. 87-6164.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's November 2, 1987, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant has also filed a motion for appointment of counsel.
 
 
 2
 A review of the record indicates that a judgment and commitment order was entered on July 27, 1982. By order entered April 6, 1987, probation was revoked and appellant committed to the custody of the Attorney General for 2 years. After meeting with the appellant on April 21, 1987, and being asked to file a notice of appeal, appellant's counsel sought leave to withdraw on April 24. Appellant filed on July 29, 1987, a Fed.R.Crim.P. 35 motion for reduction and/or modification of the sentence. By order entered August 17, 1987, the district court ruled on various documents from appellant dated July 3, 1987, but filed on August 17. The order granted appellant leave to proceed in forma pauperis with his appeal from the order entered April 6, 1987. However, the district court record does not reflect the filing of a notice of appeal. Orders were entered on September 18, 1987, denying reduction of sentence and transcript at government expense. The notice of appeal filed on September 30, 1987, from the orders entered September 18, 1987, was 2 days late. Fed.R.App.P. 4(b) and 26(a).
 
 
 3
 In appellant's response, he states that his notice of appeal was timely filed as computed pursuant to Fed.R.App.P. 26. However, the prescribed time for filing a notice of appeal from an order denying a Fed.R.Crim.P. 35 motion for reduction of sentence is 10 days after entry of the order. United States v. Willis, 804 F.2d 961, 962 (6th Cir.1986). Fed.R.App.P. 26(a) provides that only when the prescribed period is less than 7 days are intermediate weekends and legal holidays excluded in the computation. Fed.R.App.P. 26(c) does not add 3 days to the prescribed appeals period specified in Fed.R.App.P. 4(b) because the appeals period runs from the entry of the judgment, not from the service of the judgment. Cf. Sofarelli Assocs. v. United States, 716 F.2d 1395 (Fed.Cir.1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir.1983).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(b) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. United States v. Merrifield, 764 F.2d 436 (5th Cir.1985). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that the appeal be dismissed and the motion for counsel denied. The dismissal of the appeal is without prejudice to any right of appellant to seek an extension of time from the district court as provided by Fed.R.App.P. 4(b). Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 6
 The district court is directed to review its files to locate and file as a notice of appeal the first document it received which evinced the appellant's intent to appeal the April 7, 1987, order. The order, letter and documents filed August 17 indicate that the district court was advised of appellant's intent to appeal. Appellant allegedly received a letter from the magistrate dated June 12, 1987, advising him to file an affidavit in support of his motion to proceed on appeal in forma pauperis. However, no document was ever filed as a notice of appeal. This court has generally adopted a liberal construction of pleadings where a party has expressed a desire to appeal. United States v. Willis, 804 F.2d 961 (6th Cir.1986). Upon filing the earliest received document evincing appellant's intent to appeal the order entered April 6, that document should be forwarded to this court for docketing as required by Fed.R.App.P. 3(d).