848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Daniel STULL, Sr. (87-3874); Henry Daniel Stull, Jr.
(87-3875); and Patricia L. Mooradian Stull and
Marilyn Stull (87-3876), Defendants-Appellants.
In re Richard ARNETT, Petitioner-Aggrieved Party-Amicus
Curiae Intervenor,
UNITED STATES of America, Plaintiff-Appellee, (87-3889)
v.
Henry Daniel STULL, Sr.; Henry Daniel Stull, Jr.; Patricia
L. Mooradian Stull, Defendants.
 Nos. 87-3874 to 87-3876 and 87-3889.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellants' joint response to this court's February 3, 1988, order directing them to show cause why their appeals should not be dismissed for lack of jurisdiction.
 
 
 2
 The district court records reflect that a motion was filed March 27, 1987, seeking recusal, new trial pursuant to Fed.R.Crim.P. 33, bail and an evidentiary hearing. That motion was denied on May 15, 1987. A May 27, 1987, motion sought to correct the file date of the Rule 33 motion from April 1 to March 27 and sought reconsideration of the March 27 motion. A second motion to reconsider the denial of the March 27, 1987, motion was filed on May 28, 1987. A May 28, 1987, order denied an April 22 motion for summary judgment of acquittal pursuant to Fed.R.Crim.P. 29 and bail. By order entered August 5, 1987, the file date of the Rule 33 motion was corrected from April 1 to March 27, and the motion to reconsider was denied. Notices of appeal were filed on August 18, 1987 by Stull, Sr. (appeal number 87-3874), Stull, Jr. (appeal number 87-3875) and Patricia and Marilyn Stull (appeal number 87-3876). On August 27, 1987, an appeal was filed by petitioner-aggrieved party amicus curiae intervenor, Richard Arnett (appeal number 87-3889).
 
 
 3
 The notices of appeal were untimely filed. A notice of appeal from a Fed.R.Crim.P. 29 denial must be filed within ten days after entry of the decision. See United States v. Willis, 804 F.2d 961 (6th Cir.1986). A notice of appeal from a Fed.R.Crim.P. 33 denial must be filed within 10 days after entry of the decision. United States v. Hatfield, 815 F.2d 1068, 1073-74 (6th Cir.1987). A petition for reconsideration of a Fed.R.Crim.P. 33 denial must be filed within 10 days after the denial of the Rule 33 motion to toll the appeals period of Fed.R.App.P. 4(b). United States v. Cook, 670 F.2d 46, 48 (5th Cir.), cert. denied, 456 U.S. 982 (1982). The May 27, 1987, motion to reconsider the May 15, 1987, denial of the Fed.R.Crim.P. 33 motion was filed 12 days after denial of the Rule 33 motion. Even if the May 27, 1987, motion had tolled the appeals period, any notice of appeal from the August 5, 1987, order denying the motion would have been due to be filed not later than August 17, 1987. Fed.R.App.P. 4(b) and 26(a). Fed.R.App.P. 26(c) does not add three days to a prescribed appeals period specified in Fed.R.App.P. 4 because the appeals period runs from entry of the judgment, not from service of the judgment. United States v. Willis, 804 F.2d 961, 963 n. 2 (6th Cir.1986); Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983); Welsh v. Elevating Boats, 698 F.2d 230 (5th Cir.1983).
 
 
 4
 In addition to Arnett having filed an untimely notice of appeal in appeal number 87-3889, other problems are present in that appeal. First, Arnett filed a motion to proceed in the district court as an amicus curiae intervenor which was never ruled upon by the district court. Persons who were not parties of record before the district court may not appeal a court's order or judgment in the absence of extraordinary circumstances. Aubin v. Fudala, 782 F.2d 280, 285 (1st Cir.1983); In re Proceedings Before Fed. Grand Jury (Conforte), 643 F.2d 641, 643 (9th Cir.1981); Coffey v. Whirlpool Corp., 591 F.2d 618, 619 (10th Cir.1979) (per curiam). Technical defects in the intervention process may be ignored if the district court's treatment of the nonparty is equivalent to an implied grant of leave to intervene. International Marine Towing, Inc. v. Southern Leasing Partners, Ltd., 722 F.2d 126, 129 (5th Cir.1983), cert. denied, 469 U.S. 821 (1984); In re Beef Indus. Antitrust Litig., 589 F.2d 786, 788-89 (5th Cir.1979); Smartt v. Coca-Cola Bottling Corp., 337 F.2d 950, 951 (6th Cir.1964) (per curiam), cert. denied, 380 U.S. 934 (1965). The district court took no action on the motion to intervene nor is there anything in the record to indicate that Arnett was treated as an intervenor by the court. Second, Arnett does not appear to have been aggrieved by the district court order. A party must be aggrieved by a district court to have standing to appeal. Allstate Ins. Co. v. Wayne Co., 760 F.2d 689, 692-95 (6th Cir.1985); Bryant v. Technical Research Co., 654 F.2d 1337, 1343 (9th Cir.1981). Last, Arnett did not respond to this court's February 3, 1988, show cause order. The response was filed on his behalf by the Stulls. Rule 6(b), Rules of the Sixth Circuit, provides that only attorneys admitted to practice to the Bar of this court may file pleadings on behalf of another person.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(b) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. United States v. Merrifield, 764 F.2d 436 (5th Cir.1985). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 It is ORDERED that appeal numbers 87-3874, 87-3875, 87-3876 and 87-3889 be and hereby are dismissed for lack of jurisdiction, without prejudice to any right they may have to seek an extension of time from the district court. Rule 9(b)(1), Rules of the Sixth Circuit.