872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Earl VINCENT, Defendant-Appellant.
 No. 88-5604.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Timothy Earl Vincent, a federal prisoner, was convicted pursuant to a jury trial of possessing a controlled substance with intent to distribute in violation of 21 U.S.C. Sec. 841 and one count of using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). He was sentenced to a total of eight years. No direct appeal was taken from his convictions.
 
 
 3
 Vincent filed a pro se motion pursuant to Fed.R.Crim.P. 35, seeking reduction of his sentence or release based on his purported remorse and willingness to cooperate with the government. The motion was denied by the district court. Counsel was appointed to represent Vincent on appeal, and a notice of appeal was filed seeking review of the denial of the Rule 35 motion and direct appeal of Vincent's criminal conviction. Counsel subsequently abandoned his attempt at direct appeal, and the issue will not be addressed. Counsel further filed a motion seeking leave to raise 28 U.S.C. Sec. 2255 issues in this appeal, or in the alternative, remand or stay of the appeal. Clarification of the nature of counsel's appointment was also requested in the motion. The government has opposed the motion on appeal.
 
 
 4
 Upon review, we conclude the district court did not abuse its discretion in denying Vincent's pro se Rule 35 motion. The motion raised grounds that may only be asserted by the government under the version of Rule 35 as amended in 1986, which is inapplicable to the defendant who was convicted of crimes which occurred prior to the effective date of the Comprehensive Crime Control Act. See Pub.L. 100-182, Sec. 22, Dec. 7, 1987, 101 Stat. 1271.
 
 
 5
 Appellant's motion seeking leave to raise 28 U.S.C. Sec. 2255 issues for the first time in this appeal from the denial of a Rule 35 motion is not well taken. Although the mislabeling of a collateral attack as a Rule 35 motion does not preclude appellate review of the merits of the claims, it is evident that the Rule 35 motion set forth no grounds which could be construed as a collateral attack. Rather, the motion was a request for leniency. Unless exceptional circumstances are present, this court will not address an issue not raised for the first time in the district court. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987). No such exceptional circumstances are apparent from the claims presented on appeal, which are more properly asserted in a 28 U.S.C. Sec. 2255 motion before the district court. See United States v. Willis, 804 F.2d 961, 964 (6th Cir.1986). In addition, any request for clarification of counsel's appointment should be directed to the district court which authorized the appointment.
 
 
 6
 Accordingly, the motion to raise 28 U.S.C. Sec. 2255 issues on appeal is denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.