872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip N. CROXTON, Defendant-Appellant.
 No. 89-5327.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1989.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of appellant's response to this court's order of March 27, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction. In his response appellant concedes that his notice appeal was untimely and attributes that fact to a delay in his receipt of notice of the district court's entry of a final order. Arguing that he acted promptly after his learning of the district court's final decision and that his appeal presents a significant issue, appellant requests that the court excuse the late filing of the notice of appeal. In addition, appellee has filed a reply to appellant's response.
 
 
 3
 The record discloses that appellant filed a motion to correct sentence pursuant to Fed.R.Crim.P. 35 in the United States District Court for the Western District of Kentucky. The district court denied that motion by order entered February 21, 1989. Appellant, however, did not file a notice of appeal until March 16, 1989. Accordingly, the notice of appeal was 13 days late. Fed.R.App.P. 4(b) and 26(a).
 
 
 4
 An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(b) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. United States v. Wills, 804 F.2d 961, 963 n. 2 (6th Cir.1986). Fed.R.App.P. 26(b) specifically provides that this court can not enlarge the time for filing a notice of appeal which commences to run upon the district court's entry of a final order, not its receipt by the parties. Due to those jurisdictional restraints, this court is without authority to excuse appellant's failure to file a timely notice of appeal on the basis of his claim that he did not promptly receive notice of the district court's entry of a final order. In such circumstances, appellant was required to request an extension of time in which to file a notice of appeal due to excusable neglect from the district court. Fed.R.App.P. 4(b).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation