884 F.2d 1389
 14 Fed.R.Serv.3d 1035
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Francis MACKAY, Jr., Plaintiff-Appellant,
v.
CITY OF VIRGINIA BEACH, Virginia Power, Defendants-Appellees.
 No. 89-2010.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 13, 1989.
Decided Aug. 17, 1989.
 
 Donald Francis Mackay, Jr., appellant pro se.
 Jay Anthony Richardson, Jeffry Alden Sachs, City Attorney's Office for the City of Virginia Beach, for appellee City of Virginia Beach.
 M. Wayne Ringer, Williams, Worrell, Kelly & Greer, PC, for appellee Virginia Power.
 Before MURNAGHAN, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Francis Mackay appeals from the district court's order denying him relief for numerous alleged constitutional violations pursuant to 42 U.S.C. Sec. 1983. Mackay alleged that the City of Virginia Beach (the "City") violated his rights when (1) the sheriff levied on and sold some of Mackay's property in satisfaction of a judgment lien, (2) his car was damaged due to poor road conditions, (3) his dog was taken by the City dog catcher when it was chained to a utility pole outside his dwelling, (4) he was summoned to court and found in violation of a City ordinance without being read his rights, (5) he was denied the necessary City permits to convert a garage into a dwelling and so was unable to obtain sewer and electrical hook-ups, (6) he was subjected to an illegal search because his landlord allowed a City inspector to examine the garage/dwelling, and (7) the City's zoning requirement that his dwelling have plumbing and electricity violated his right to practice his religion as a Calvinist. Mackay's only claim against Virginia Power was that it refused to provide him with electrical service in violation of 42 U.S.C. Sec. 1983 and federal antitrust law until he had a City permit and had made the necessary preparations for a temporary hook-up.
 
 
 2
 In an order filed December 14, 1988, the district court granted Virginia Power's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) because Mackay had not alleged that Virginia Power had acted under color of state law as required by 42 U.S.C. Sec. 1983 or that its acts involved interstate commerce as required by federal antitrust law. Mackay's claims against the City were dismissed in an order filed January 6, 1989, granting the City's Rule 12(b)(6) motion on the basis that the complained of acts either were not alleged to be in furtherance of any municipal policy or were not shown to have violated any constitutional right. Mackay filed a timely notice of appeal "from the final judgment and order entered in this Action on the 5th day of January 1989."
 
 
 3
 Virginia Power has filed a motion with this Court to dismiss it from this appeal on the grounds that Mackay's notice of appeal did not evidence his intent to appeal from the December order as required by Fed.R.App.P. 3(c). Where the notice of appeal designates specific rulings being appealed, this Court has no jurisdiction to review other judgments or issues which are not expressly referred to or impliedly intended for appeal. Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir.1987); C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981); Gunther v. E.I. duPont deNemours & Co., 225 F.2d 710, 717-718 (4th Cir.1958). In light of the general rule that pro se filings are liberally construed, a pro se appellant's intent to appeal a particular order may be inferred not only from his notice of appeal but also from subsequent filings. Brookens v. White, 795 F.2d 178, 180 (D.C.Cir.1986); United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986). Whether the adverse party had sufficient notice of the appeal so that it would not be prejudiced by review of the disputed order must also be considered. United States v. Willis, 804 F.2d at 963; May Marine, 649 F.2d at 1056.
 
 
 4
 In the present case, Mackay named Virginia Power as an adverse party to the appeal in his docketing statement and expressly objected to its dismissal in his informal brief. Both this Court and Virginia Power had notice during the appeal period that Mackay intended Virginia Power to be a party to the appeal. As Virginia Power had an opportunity to respond to Mackay's contentions on appeal, it will not be prejudiced by appellate review of the December order. For these reasons, we deny Virginia Power's motion to dismiss it from this appeal.
 
 
 5
 Our review of the record and the district court's opinion discloses that this appeal is without merit. The district court properly granted Virginia Power's and the City's motions to dismiss. Accordingly, we affirm on the reasoning of the district court. Mackay v. City of Virginia Beach, C/A No. 88-659-N (E.D.Va. Dec. 14, 1988; Jan. 6, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.