886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE,
WISCONSIN, Plaintiff-Appellee,
v.
William R. BARNEY, Jr.; William C. Behrens; William R.
Buhl; Edmond W. Crane; (except Case No. 89-3568) Jerome E.
Hinkel; Charles John Hire; Willard Hirsh; Vinod S. Joshi,
M.D.; Robert L. McTrusty, M.D.; Harold D. North, Jr.;
Sally North; Jeffrey B. Papp; Pauline M. Papp; Arnold A.
Pattison; William G. Robertson; Leonard Saltz, M.D.;
Gordon E. Swaney; William J. Thompson; Gudrun Zoeller;
Defendants-Appellants (Case Nos. 88-4112, 89-3029, and 89-3568)
Allan A. O'Brien, D.D.S., Defendant-Appellant (Case No. 88-4151)
 Nos. 88-4112, 88-4151, 89-3029 and 89-3568.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge*.
 
 ORDER
 
 2
 Various defendants appeal the district court's orders of November 23 and 28, 1988 which granted the plaintiff a preliminary injunction directing the defendants to pay into court or provide security for their pro rata shares of a judgment based on indemnity agreements executed by the defendants. The plaintiff moves for dismissal of the appeals in Case Nos. 88-4112, 88-4151 and 89-3029 on grounds of nonfinality. The defendants in 88-4112 and 89-3029 respond in opposition. The single defendant-appellant in 88-4151 has not responded to the motion to dismiss. Additionally, the defendants-appellants in Case No. 89-3568 have moved for consolidation of that appeal with the other three. The plaintiff opposes consolidation.
 
 
 3
 The appeals in Case Nos. 88-4112, 88-4151 and 89-3029 were filed prior to the district court's disposition of the plaintiff's motion to include interest in the previous orders. We conclude, as did the district court, that the motion for interest, filed within ten days of the November orders, was brought under Fed.R.Civ.P. 59(e). See Osterneck v. Ernst & Whinney, 109 S.Ct. 987 (1989); Stern v. Shouldice, 706 F.2d 742 (6th Cir.), cert. denied, 464 U.S. 993 (1983). An appeal filed prior to the disposition of such a motion shall have no effect. Fed.R.App.P. 4(a)(4); see also Peabody Coal Company v. Local Union Nos. 1734, 1508 and 1548, U.M.W., 484 F.2d 78 (6th Cir.1973). Accordingly, the appeals in the Case Nos. 88-4112, 88-4151 and 89-3029 must be dismissed.
 
 
 4
 Fed.R.App.P. 4(a)(4) further provides that a new notice of appeal must be filed within the prescribed time for appeal following disposition of the time-tolling motion. A timely fourth appeal was filed by eighteen defendants from the district court order of June 6, 1989, which granted the plaintiff's motion for interest. That appeal was docketed as Case No. 89-3568. The defendants in that appeal argue, and we agree, that their intention to appeal the earlier orders granting the preliminary injunction, as well as the modifying order, is evident. The notice of appeal states that appeal is taken from the June 6, 1989 order "granting the Motion of Plaintiff to Include Interest in the Court's Orders of November 23 and 28, 1988." This Court has held that the failure to mention or misidentification of the ruling being appealed from does not destroy appellate jurisdiction as long as the intent to appeal is apparent and the appellee suffers no prejudice. United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986); see also Peabody Coal Company v. Local Union Nos. 1734, 1508 and 1548, U.M.W., 484 F.2d 78 (6th Cir.1973) (appeal from denial of Rule 59 motion treated as appeal from underlying injunction.) Although more specificity in the notice of appeal would have been preferable, we conclude the defendants in Case No. 89-3568 have made clear their intent to appeal the injunction against them, and that the plaintiff is not prejudiced by such an appeal.
 
 
 5
 It is therefore ORDERED that the appeals in Case Nos. 88-4112, 88-4151 and 89-3029 are dismissed. The defendants' motion to consolidate Case No. 89-3568 is denied as moot. The notice of appeal in Case No. 89-3568 shall be construed as an appeal from the orders of November 23 and 28, 1988, and June 6, 1989. The Clerk is directed to retain the record previously filed in Case Nos. 88-4112, 88-4151 and 89-3029 for consideration in Case No. 89-3568 and to enter a briefing schedule in Case No. 89-3568. The defendants-appellants in Case No. 89-3568 may file a new brief in Case No. 89-3568 incorporating their previously filed brief, or they may move for adoption of their prior brief with supplementation as necessary regarding the order of June 6, 1989.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation