911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles WALKER, Defendant-Appellant.
 Nos. 89-2304, 89-2339.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles Walker, a pro se federal prisoner, appeals the district court's judgment denying his motion to correct or reduce his sentence filed under Fed.R.Crim.P. 35.
 
 
 3
 Following a jury conviction, Walker and his codefendants appealed their convictions, which were affirmed by this court on April 25, 1989. Walker subsequently filed this motion under Fed.R.Crim.P. 35 requesting the district court to (1) correct or reduce his sentence, and (2) correct his presentence report. After review, the district court denied the motion. However, the court did order a copy of the sentencing transcript appended to all copies of Walker's presentence report that might affect Walker's status in the prison and parole system.
 
 
 4
 Walker has filed timely appeals in which he abandons the presentence report argument and repeats the Fed.R.Crim.P. 35 issue, arguing that the judge was possibly influenced at sentencing by rumored death threats and protective custody for him and his wife during the trial. In addition, he presents three new issues concerning: (1) an impermissible ex parte communication, (2) a violation of the Jencks Act, and (3) ineffective assistance of counsel. Walker seeks remand for resentencing.
 
 
 5
 Initially, we do not reach the merits of Walker's claim regarding his presentence report because Walker has abandoned it on appeal, McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986); nor do we reach his three new issues that were not first presented in the district court. United States v. Willis, 804 F.2d 961, 963-64 (6th Cir.1986).
 
 
 6
 Upon review we shall affirm the district court's judgment. A defendant generally has the right to have his sentence reassessed only if the sentencing judge relied upon materially false information when passing sentence. Roberts v. United States, 445 U.S. 552, 556 (1980). Walker has presented no evidence to contradict the court's specific disclaimer of reliance upon the reported death threat, which the court was informed was false and unconnected to Walker well before sentencing. The court articulated a permissible basis for its sentence and there is no evidence implicating the fairness of the sentencing process or showing abuse of discretion. United States v. Robinson, 700 F.2d 205, 214 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.