961 F.2d 1580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionel REEVES, Defendant-Appellant.
 No. 91-1987.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1992.
 
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Lionel Reeves (Reeves or "defendant"), appeals his sentence on grounds of ineffective assistance of counsel and double jeopardy. Having reviewed the briefs and the record, we find that the district court committed no error and, accordingly, affirm the sentence.
 
 
 2
 Reeves was convicted on state drug charges in Ohio and imprisoned on October 29, 1989. On January 22, 1991, while defendant was still imprisoned on his state conviction, a federal grand jury returned an indictment charging Reeves with conspiracy to possess with intent to distribute more than 500 grams of cocaine (count one) and possession with intent to distribute cocaine (count three). The record does not disclose the exact nature of the state charges, and it is therefore unclear whether or how the state and federal charges were related. On May 1, 1991, Reeves was taken into custody on the federal charges. He pleaded guilty to possession with intent to distribute cocaine, as charged in count three, pursuant to a plea agreement. The plea agreement provided that Reeves would plead guilty to the charge in count three and would fully cooperate with the government. In exchange, the government agreed to dismiss count one and to move for a downward departure from a sentence within the recommended guideline range of sixty to seventy-one months down to thirty months.
 
 
 3
 The district court held the sentencing hearing on August 7, 1991 and a sentence of thirty months imprisonment was imposed, to run concurrently with Reeves' state sentence. In addition, credit for the time served since May 1, 1991, when Reeves first came into federal custody was given. On August 8, 1991, Reeves wrote to the district court requesting that the court give him credit toward his federal sentence for the time he had served in state custody prior to entering federal custody--that is, from October 29, 1989 through May 1, 1991. This would afford him an additional eighteen months of credit toward his federal sentence, which was, itself, a downward departure from the recommended guideline sentence. On August 16, 1991, the court denied the request. That same day, defendant filed a timely notice of appeal from the sentence imposed on August 6, 1991. The notice did not indicate that the latter would also appeal the district court's August 16 order denying his request for additional retroactive credit toward his federal sentence.
 
 
 4
 On appeal, two issues are raised. First, Reeves claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Second, he alleges that the district court's failure to grant his request for retroactive federal credit for time served in state custody violated the Double Jeopardy Clause.
 
 
 5
 * Reeves contends that he was denied effective assistance of counsel at his sentencing hearing, in contravention of the Sixth Amendment, on the ground that his counsel allegedly failed to request that the court give concurrent credit for the time served in state custody. Reeves did not raise this issue below, however, and the parties did not argue it before the district court; therefore, the district court made no findings as to defense counsel's performance. As a result, the record is inadequate for us to evaluate this claim.
 
 
 6
 This court has repeatedly held that a claim of ineffective assistance of counsel cannot be raised for the first time on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). In Hill, this court refused to consider the defendant's ineffective-assistance-of-counsel-claim on appeal, noting that the defendant's argument "depended in large part upon matters outside the present record, since the issue of ineffective assistance of counsel was not raised in the district court." Id. at 21. The holding in Hill has been reaffirmed in several recent Sixth Circuit decisions. See United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991); United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991); United States v. Martin, 920 F.2d 345, 349 (6th Cir.1990), cert. denied, 111 S.Ct. 2038 (1991); United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990). Reeves argues that this Court should make an exception to the rule described in Hill and hear his claim on direct appeal. The court has indicated that such an exception may be made in certain circumstances; however, those circumstances do not exist in this case. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Wunder holds that "[w]hen ... the record is adequate to assess the merits of the defendant's allegations," the court may consider an ineffective assistance of counsel claim. Reeves' failure to raise this claim below presents to us an inadequate record. Thus, we are unable to ascertain whether Reeves was afforded effective assistance of counsel. "[A]lthough it strongly appears that [Reeves] was not denied effective assistance of counsel, this court declines to consider the claim of ineffective assistance of counsel for the first time on appeal." We note, however, that Reeves is not precluded from bringing an ineffective-assistance-of-counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255 (1988).
 
 II.
 
 7
 Next, Reeves contends that the district court violated the Double Jeopardy Clause of the Fifth Amendment by refusing to award retroactive credit toward his federal sentence for the time served on his state sentence. He argues that the state conviction was so closely related to the federal conviction, in both its nature and its timing, that the offenses should have been viewed by the lower court as one offense. There are two obstacles to our considering this claim on the merits. First, Reeves' notice of appeal states specifically that he appeals from the sentence entered in this action on August 6, 1991. Reeves' double jeopardy claim, however, can only be construed as a challenge to the district court's order of August 16, 1991 denying his request for retroactive credit. Under Federal Rule of Appellate Procedure 4(b), Reeves was required to file a notice of appeal within ten days of the August 16 order for this Court to have jurisdiction over an appeal of that order. The notice he filed on August 16 does not provide us with jurisdiction over an appeal from any district court action besides the imposition of his sentence on August 6. See Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 516 (6th Cir.1991) (holding that where appellant specifies issues he is appealing in his notice of appeal, he cannot raise additional issues in his brief). Thus, normally we would not have jurisdiction over the double-jeopardy issue, because that issue arises from the district court's August 16 order rather than the August 6 sentencing.
 
 
 8
 It is true that, in certain limited circumstances, this circuit has allowed additional issues to be raised despite the rule articulated in Wilson. In Taylor v. United States, 848 F.2d 715 (6th Cir.1988), we held that appellants could challenge a part of the district court's order that they had not specified in their notice of appeal, because the deficiency had not prejudiced appellee. Id. at 717-18. The appellee in that case briefed the merits of appellants' claim fully without challenging the sufficiency of the notice of appeal. Id., at 717. Here, to the contrary, the appellee, the government, challenges the notice of appeal, and has only briefed the merits of Reeves' double jeopardy claim in the alternative. Although the Sixth Circuit has "been especially reluctant to enforce strictly the notice of appeal requirements when such notice is filed by a pro se appellant," United States v. Willis, 804 F.2d 961, 963 (6th Cir.1986), Reeves was represented by counsel upon appeal, even in the filing of the notice of appeal. Thus, we find that Reeves did not file a timely appeal that would allow us to consider his challenge to the August 16 order.
 
 
 9
 Even if we were to find that this Court did have jurisdiction over the double jeopardy issue, we would still be precluded from reaching the merits. Reeves did not raise the issue of double jeopardy below; consequently, the district court did not rule or make any factual findings on the issue. The record is devoid of any information regarding the nature of Reeves' state conviction. This circuit has recognized that, as a general rule, it will not review issues that are raised for the first time on appeal. See United States v. Pickett, 941 F.2d 411, 415 (6th Cir.1991).
 
 
 10
 We are aware of the holding in Pinney Dock & Transport Co. v. Penn Central Corporation, 838 F.2d 1445 (6th Cir.), cert. denied, 488 U.S. 880 (1988) in which this court stated that "[d]eviations [from this general rule] are permitted in 'exceptional cases or particular circumstances,' or when the rule would produce 'a plain miscarriage of justice.' " Id. at 1461 (citation omitted) (quoting Hormel v. Helvering, 312 U.S. 552, 558 (1941)). We have also held that, where an "issue is presented with sufficient clarity and completeness and its resolution will advance the progress of ... already protracted litigation, we should address it." Id. at 1461. In the case at bar, Reeves did not allege or show that his case is exceptional or that this court's failure to consider his claim would produce a miscarriage of justice. Moreover, the record lacks the "clarity and completeness" required for this court to decide this issue. Reeves failed to preserve the issue for appeal, and we will not consider it.
 
 III.
 
 11
 For the foregoing reasons, the sentence of the district court is AFFIRMED.
 
 
 
 *
 Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation