**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert L. MERRIFIELD,
Defendant-Appellant.**

No. 84–4746
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 1, 1985.

Robert L. Merrifield, pro se.

George Phillips, U.S. Atty., James B. Tucker, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

PER CURIAM:

This belated effort to appeal from a judgment of conviction and sentence in a criminal case must be dismissed because it was filed too late. Robert L. Merrifield was convicted upon a guilty plea of conspiracy to possess marijuana with intent to distribute and interstate transportation in aid of racketeering. On September 22, 1983, he was sentenced to eighteen months imprisonment on the first count and five years probation and a $10,000 fine on the second count. Merrifield filed a timely motion to reduce his sentence, and this was denied in a judgment docketed April 26, 1984. Merrifield filed a notice of appeal from the September, 1983, judgment on November 8, 1984, more than six months after the ruling on the motion to reduce and more than thirteen months after the entry of the judgment that he purports to appeal.

Fed.R.App.P. 4(b) provides that a notice of appeal in a criminal case "shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Fed.R.App.P. 26(b) expressly prohibits the court from enlarging "the time for filing a notice of appeal,

.... " Because the notice of appeal was filed well beyond the ten-day period, and because a timely notice of appeal "is a 'prerequisite to the exercise of jurisdiction'" by this court,[1] the appeal must be dismissed as untimely.[2] The fact that Merrifield has been proceeding *pro se* since his sentencing "does not exempt [him] from compliance with relevant rules of procedural and substantive law," such as the requirement of timely filing.[3]

Even if we were to treat Merrifield's appeal as an appeal from the denial of his motion to reduce sentence, it still would be untimely. "Such a motion is a proceeding in the original criminal prosecution.... Accordingly, the ten-day limitation of Fed. R.App.P. 4(b) governs."[4]

For these reasons, the appeal is DISMISSED.

**1.** *United States v. Burns,* 668 F.2d 855, 858 (5th Cir.1982).

**2.** *See also, United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960); *United States v. Schuchardt,* 685 F.2d 901, 902 (4th Cir.1982) (per curiam); *United States v. Stolarz,* 547 F.2d 108, 109–10 (9th Cir.1976), cert. denied, 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977); *see generally,* 9 Moore's

Federal Practice ¶¶ 204.16 and 226.02[2] (2d ed. 1985).

**3.** *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) (per curiam) (citing *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525 n. 46, 45 L.Ed.2d 562 n. 46 (1975)).

**4.** *United States v. Guiterrez,* 556 F.2d 1217 (5th Cir.1977) (per curiam).