828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary SMITH, Defendant-Appellant.
 No. 87-5458
 United States Court of Appeals, Sixth Circuit.
 September 3, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. He states that he is not knowledgeable in the law, that his attorney received the district court's March 31 decision on April 6, that he was not aware of the decision until April 10, and that he did not receive a copy of the decision from his attorney until April 13. He believed the time for filing a notice of appeal began to run on the date his attorney received the decision and that Rule 26, Federal Rules of Appellate Procedure, excluded Saturdays, Sundays and holidays from the computation of the time limit and allowed three days for mailing. In addition, he asserts that the notice of appeal was received by the clerk on April 16.
 
 
 2
 This court lacks jurisdiction in this appeal. The time for filing a notice of appeal begins to run from the date of entry of the judgment, not its receipt. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). Although Rule 26(a), Federal Rules of Appellate Procedure, excludes weekends and holidays from the computation of a time period if the time period allowed is less than seven days, that rule does not apply to this case. A ten day period is applied to an appeal from the denial of a Rule 35 motion. United States v. Willis, 804 F.2d 961 (6th Cir. 1986). In addition, three days for mailing as provided by Rule 26(c), Federal Rules of Appellate Procedure, does not apply to an appeals period. See Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir. 1983); Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir. 1975). Even if the notice of appeal had been received by the district court on April 16, as asserted by the appellant, it would still have been six days late. Rules 4(b) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(b), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. United States v. Merrifield, 764 F.2d 436 (5th Cir. 1985). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 It is ORDERED that the appeal be dismissed without prejudice to appellant seeking an extension of time from the district court as provided by Rule 4(b), Federal Rules of Appellate Procedure. Rule 9(b)(1), Rules of the Sixth Circuit.