859 F.2d 923
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex RODGER, III, Defendant-Appellant.
 Nos. 88-5895, 88-5896.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's September 1, 1988, order directing him to show cause why his appeals should not be dismissed for lack of jurisdiction.
 
 
 2
 A review of the records indicates that appellant seeks to appeal the post-judgment orders in his criminal case denying his motions to unseal FBI records and supplement the record. The motions were denied on July 29, 1988. Pursuant to Fed.R.App.P. 9(b), the notices of appeal were due on August 8, 1988. The notices of appeal were filed on August 11, 1988, three days late.
 
 
 3
 Appellant argues in his response that Fed.R.Civ.P. 45 should apply to the computation of the appeals period, thus excluding weekends and rendering the appeal timely. Alternatively, he argues that Fed.R.App.P. 26(c) allows the addition of three days to the appeals period for mailing. His response does not indicate the date the notices of appeal were delivered to prison authorities for mailing, despite this court's request for that information in the September 1, 1988 order. See Houston v. Lack, 108 S.Ct. 2379, 2385 (1988).
 
 
 4
 This court lacks jurisdiction in these appeals. Fed.R.App.P. 26(a) rather than Fed.R.Civ.P. 45 governs the computation of periods of time prescribed by the rules of appellate procedure. Furthermore, appellant's reliance on Fed.R.App.P. 26(c) is misplaced, as that rule applies only when a prescribed period commences upon service of a paper upon a party where such service may be made by mail. The appeals period commences upon entry of the order on the docket. United States v. Zuleta-Molina, 840 F.2d 157, 158 n. 1 (1st Cir.1988); Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983).
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(b) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. United States v. Merrifield, 764 F.2d 436 (5th Cir.1985). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that these appeals be and hereby are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. These dismissals are without prejudice to any right of the defendant to file a motion in the district court to extend, for reasons of excusable neglect, the time for filing the notices of appeal.