IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-8030
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK BRANCH and
KEVIN JOE HILL, a/k/a Dominique Hill,
GLORIA SHERMAN and ANDRE THOMPSON,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Western District of Texas

_____
(December 18, 1992)

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this case, in which four co-defendants were convicted by a jury for various narcotic offenses, there appears to be an appellate jurisdiction problem with one of the defendants, Andre Thompson. Rule 4(b) of the Federal Rules of Appellate Procedure requires the notice of appeal by a defendant in a criminal case be

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

filed within ten days of the entry of judgment. In this case, the district court entered judgment as to Andre Thompson on January 15, 1992; therefore, the final day for filing a timely notice of appeal was Monday, January 27, 1992, because the tenth day was a Saturday. See Fed. R. App. P. 26(a). Thompson, through counsel, filed a notice of appeal on January 28, 1992. A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction. United States v. Merrifield, 764 F.2d 436, 437 (5th Cir. 1985).

Rule 4(b) allows the district court to grant an additional 30 days in which to file a notice of appeal upon a showing of excusable neglect. The filing of an untimely notice of appeal within the 30-day period is customarily treated by this Court in criminal cases as a motion for a determination whether excusable neglect entitles the defendant to an extension of time to appeal. United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984). Thompson has filed his notice of appeal within the 30-day period, expiring in this case on February 26, 1992. Therefore, we will remand for a determination of whether Thompson's untimely filing of the notice of appeal was because of excusable neglect.

With respect to all defendant-appellants--including Thompson--we are presented with a Batson issue (Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)), which would appear to merit oral argument. In order to avoid duplicative expenditure of judicial resources, we will abate further processing

of this case until a resolution has been made with respect to appellate jurisdiction of Thompson's case.

Therefore, this case is REMANDED as to Andre Thompson for a determination by the district court whether his untimely filing of the notice of appeal was because of excusable neglect. Those findings, once entered by the district judge, will be promptly transmitted to this court. There will be no need for another notice of appeal by Thompson. Upon receipt of the district court's findings, the matter will be referred to this panel for a determination of appellate jurisdiction with respect to Thompson's appeal. In the meantime, and until further order from this panel, this case will not be further processed.

CASE REMANDED IN PART; APPEAL HELD IN ABEYANCE.