IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50676
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JASON KILE CONAWAY,

                                        Defendant-Appellant.


---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-16-ALL
---------------------

April 29, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jason Kile Conaway, federal inmate # 29326-077, appeals from the district court's denial of his motion for an out-of-time appeal.

     A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction.  *United States v. Merrifield*, 764 F.2d 436, 437 (5th Cir. 1985).  Rule 4(b)(1)(A), Fed. R. App. P., requires that the notice of appeal by the defendant in a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal case be filed within 10 days of entry of the judgment or

order from which appeal is taken.  Rule 4(b)(4), Fed. R. App. P., allows the district court to grant an additional 30 days in which to file a notice of appeal upon a finding of excusable neglect or good cause.

Because Conaway requested an extension of time to file a notice of appeal more than one year after the last date for making such a request, the district court was without jurisdiction to consider his motion.  Accordingly, the district court did not err in denying the requested relief.  The appeal from the denial of the motion, insofar as it seeks an out-of-time appeal only, is frivolous.  The appeal is DISMISSED as to that relief sought.

The motion for an out-of-time appeal also alleged that Conaway was denied appellate counsel, that his waiver of appeal was invalid, and that his guilty plea was involuntary.

Conaway's motion challenged the validity of his conviction and was filed after his conviction had become final.  Thus, the motion should be construed as arising under 28 U.S.C. § 2255, and the district court did not err procedurally in considering the merits.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)(pro se actions should be liberally construed)(28 U.S.C. § 2254 case); *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988)("[W]e elect to construe Reyes' ill-styled Rule 35 pleading as a request for relief under section 2255.").

However, because Conaway filed the motion after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the AEDPA applies to Conaway's appeal, and he requires a certificate of appealability (COA) to proceed. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997). The district court must make the initial determination whether a COA should issue. *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997). Accordingly, we remand the case for a COA ruling from the district court.

DISMISSED IN PART; REMANDED IN PART.