UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41178
_____

JEROME ALEXANDER MARKS,

Petitioner-Appellant,

v.

GARY L. JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division,

Respondent-Appellee.

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(1:94-CV-157)**
_____

**July 7, 1999**

Before WIENER and PARKER, Circuit Judges, and LAKE,[*] District
Judge.

PER CURIAM:[*]

Petitioner, Jerome Alexander Marks, appeals from the district

court's denial of his petition for writ of habeas corpus.

Respondent, Gary L. Johnson, argues that the district court was

correct and also moves to dismiss the appeal for failure to comply

with appellate filing deadlines.  We will deny the motion to

dismiss and affirm the judgment of the district court.

**I.  BACKGROUND**

_____

[*]District Judge of the Southern District of Texas, sitting by
designation.

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

A state grand jury indicted Marks for possession of a controlled substance, pentazocine. He pleaded not guilty and went to trial in 1986. The state trial court impaneled thirty-six potential jurors. After voir dire, both Marks and the state used all of their available peremptory challenges. All of the ten venire members struck by the state were African-American. The jury ultimately seated for the trial included two African-Americans. Marks, who is African-American, objected to the state's use of peremptory challenges, claiming that the state exercised its challenges on the basis of race. The prosecutor replied that the ages and occupations of the ten challenged venire members motivated the strikes. The trial court overruled Marks' objection. The jury convicted Marks and sentenced him to ten years in prison. The state court of appeals affirmed. See Marks v. State, 721 S.W.2d 401, 402, 405 (Tex. App. -- Beaumont 1986, no pet.). Marks did not petition the Texas Court of Criminal Appeals for discretionary review.

Marks filed two applications for writ of habeas corpus in the state courts. The Texas Court of Criminal Appeals denied the first application without written order on February 27, 1991. See Ex Parte Marks, No. 21,995-01 (Tex. Crim. App. Feb. 27, 1991). It denied the second application on October 20, 1993. See Ex Parte Marks, No. 21,995-02 (Tex. Crim. App. Oct. 20, 1993). Marks then filed a petition for writ of habeas corpus in federal district court. The district court denied the petition on the recommenda-

-2-

tion of the magistrate judge.  The district court entered a final judgment on August 27, 1997.  The district court clerk received Marks' notice of appeal on September 29, 1997.

On April 24, 1998, a member of this court granted Marks a certificate of probable cause limited to Marks' claims that:

> (1)  the state's peremptory strikes were unconstitution-ally racially motivated, and

> (2)  defects in the indictment deprived the state trial court of jurisdiction.

On June 12, 1998, Johnson filed a motion to dismiss, arguing that the court does not have jurisdiction under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1) because Marks did not timely file notice of appeal.

## II.  STANDARD OF REVIEW

Because Marks did not object to the magistrate judge's recommendation, we review the findings of fact and conclusions of law of the magistrate judge for plain error.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).  We review fact issues addressed by the district court for plain error and issues of law de novo.  See Mann v. Scott, 41 F.3d 968, 973 (5th Cir. 1994).

### III.  MOTION TO DISMISS

Johnson moves to dismiss Marks' appeal because Marks did not timely file his notice of appeal.  To invoke the jurisdiction of this court, appellants must file a timely notice of appeal.  See Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983).  Pro se litigants are not exempt from the filing requirements.  See United States v. Merrifield, 764 F.2d 436, 437 (5th Cir. 1985).  Marks was required to file his notice of appeal with the clerk of the district court within thirty days from the entry of the judgment or the order being appealed.  See Fed. R. App. P. 4(a)(1).  The appellate time period begins to run on the date that the judgment or order is entered on the docket, not the date it is filed.  See Barksdale v. Blackburn, 670 F.2d 22, 23 (5th Cir. 1982).

When an inmate confined in prison files a notice of appeal, the notice is considered timely if the inmate deposited it in the prison mail system by the filing deadline.  See Fed. R. App. P. 4(c); Houston v. Lack, 108 S. Ct. 2379, 2385 (1988).  In applying Houston, we have directed that "if the pro se prisoner's notice of appeal is received by the district court within two business days after the last day for filing, it is to be treated as timely, as we will presume that it was timely delivered for mailing via the prison mail system."  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998) (per curiam).

The district court entered its final judgment on August 27, 1997.  The thirty-day appellate filing period expired on Friday, September 26, 1997.  The district court clerk received Marks'

-4-

notice of appeal on the following Monday, September 29, 1997. Since Marks filed the notice one business day after the appellate filing period had expired, he is entitled to the presumption of timely delivery to the prison mail system.

Noting that another inmate's name appears on the return address of the envelope that contained Marks' notice of appeal, Johnson argues that Marks should not enjoy the benefit of Rule 4(c) and Houston v. Lack because Marks had a fellow inmate mail his notice. Marks responds that he was confined in administrative segregation during the relevant period and that prison officials would not allow him to meet with the inmate who was assisting him in his litigation, Terry Beck, in order to prepare the notice of appeal. Marks also alleges that because all mailboxes had been removed from the administrative segregation facilities, he had to allow Beck to prepare the notice of appeal and mail it for him.

Because the envelope was postmarked September 27, 1997, the day after the appellate deadline, and the prison mailroom records do not reflect that Marks mailed any legal or certified mail from August 26, 1997, through October 4, 1997, Johnson speculates that whoever deposited the notice in the prison mail system might not have done so until September 27, 1997. Speculation, however, does not rebut a presumption. Johnson does not affirmatively allege that the notice was mailed on September 27.

We are not persuaded. Johnson did not investigate whether Beck sent any mail to the district court during the relevant time period. The key issue under Rule 4(a) is when the district clerk

received the notice of appeal. Here, the district clerk received the notice of appeal one business day after the appellate deadline expired. Under Sonnier, we therefore presume Marks delivered the notice before the filing deadline. Because Johnson has not rebutted this presumption, we will deny Johnson's motion to dismiss.

## IV. DEFECTIVE INDICTMENT

Although the certificate of probable cause authorized Marks to raise a defective indictment claim on appeal, he has waived this issue by not briefing it. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

## V. BATSON CLAIM

After voir dire, Marks objected when the prosecution used all ten of its peremptory challenges to exclude African-American venire members. The trial court overruled the objection. Three months after Marks' trial, in Batson v. Kentucky, 106 S. Ct. 1712 (1986), the Supreme Court articulated a burden-shifting scheme for analyzing claims of racially discriminatory peremptory challenges. Although Marks raised this claim in his direct appeal, which was pending when Batson was decided, the state court of appeals held that Batson did not apply retroactively. See Marks v. State, 721 S.W.2d 401, 402-403 (Tex. App. -- Beaumont 1986, no pet.). Nevertheless, "concerned that some higher court might disagree" with that holding, the court considered the merits of Marks' Batson claim. Marks, 721 S.W.2d at 403. The court concluded that Marks

established a prima facie claim of purposeful discrimination but that the record "was inconclusive as to whether the state sufficiently explained its challenges on 'neutral' grounds." Marks, 721 S.W.2d at 404. The court declined to remand for further findings by the trial court since it concluded that Batson did not apply retroactively.

Marks did not petition the Texas Court of Criminal Appeals for discretionary review. The next year, the Supreme Court held that Batson applied retroactively to cases pending on appeal when Batson was issued. See Griffith v. Kentucky, 107 S. Ct. 708, 716 (1987). The state habeas courts rejected Marks' Batson claim, however, because the court of appeals had already adversely decided the issue on direct appeal before Griffith was issued.

The Equal Protection Clause prohibits prosecutors from striking venire members solely on the basis of race. See Batson, 106 S. Ct. at 1719. The Batson Court articulated a three-step, burden-shifting scheme for reviewing claims of discriminatory peremptory challenges. First, the defendant must make a prima facie case that the prosecutor exercised a challenge on the basis of race. If the defendant makes such a showing, the burden shifts to the state to articulate a race-neutral reason for striking the juror. If the state articulates such a reason, the court must decide whether the defendant has carried his burden of establishing purposeful discrimination. See id. at 1723-24; United States v. Clemons, 941 F.2d 321, 324 (5th Cir. 1991). A reason is race-

-7-

neutral if it is based upon a facially valid ground other than the race of the juror. See United States v. Fields, 72 F.3d 1200, 1206 (5th Cir. 1996). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason given by the prosecution [is] deemed race-neutral." Id.

The Report and Recommendation of the magistrate judge, which the district court adopted, concluded that Marks was not entitled to federal habeas relief on his Batson claim because Marks had not presented any facts to show purposeful discrimination after the state articulated race-neutral reasons for striking the African-American members of the venire. The district court did not err in rejecting the Batson claim. Although the magistrate judge and the district court erred in applying the new standard of deference contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and codified at 28 U.S.C. § 2254(d), even under pre-AEDPA law[1] federal courts presume correct the factual findings of a state court. See Marshall v. Lonberger, 103 S. Ct. 843, 850 (1983). Determining whether a prosecutor intended to discriminate is a question of fact. See Hernandez v. New York, 111 S. Ct. 1859, 1870 (1991). Although the state court of appeals did not reach the ultimate issue of whether Marks had proven discrimination, the trial court

---

[1]Marks filed his federal petition well before the effective date of the AEDPA. The Act does not apply to noncapital federal habeas cases filed before its effective date, April 24, 1996. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).

did when it overruled Marks' motion.  We presume correct the trial court's finding of no discriminatory intent.  <u>See</u> <u>Washington v. Johnson</u>, 90 F.3d 945, 954 (5th Cir. 1996), <u>cert.</u> <u>denied</u>, 117 S. Ct. 1259 (1997).  Marks does not point to anything in the record indicating discriminatory intent.  He offers nothing to rebut the presumption of correctness beyond his own unspecified allegations.  Such allegations, unsupported by evidence, do not raise constitutional issues.  <u>See</u> <u>McCoy v. Lynaugh</u>, 874 F.2d 954 (5th Cir. 1989).  Moreover, because discriminatory intent is not inherent in the prosecutor's explanation, we deem the state's motives to be race-neutral.  <u>See</u> <u>Fields</u>, 72 F.3d at 1206.  Because Marks has failed to establish a <u>Batson</u> claim, the district court's decision was not plain error.

## VI.   CONCLUSION

Johnson's Motion to Dismiss is **DENIED**, and the judgment of the district court is **AFFIRMED**.