IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30119
USDC No. 00-CV-2676
_____

IN RE: WILSON F. MARTIN,

                              Movant.

---------------------
Motion for an order transferring
prisoner's 28 U.S.C. § 2241 habeas corpus application
to the Western District of Louisiana
---------------------
April 4, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Wilson F. Martin, federal prisoner # 22268-034, filed, in the district court, a habeas corpus application pursuant to 28 U.S.C. § 2241.  The case was assigned to a magistrate judge who determined that 28 U.S.C. § 2241 was an inappropriate vehicle for the relief requested by Martin, but rather that his claims fell under the ambit of 28 U.S.C. § 2255.  Because Martin had previously filed a 28 U.S.C. § 2255 claim which had been resolved on the merits, the magistrate judge entered an order transferring the case to this court so that Martin could request permission, pursuant to 28 U.S.C. § 2244, to file a successive application

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 2255. We note that the magistrate judge's decision to so treat the petition and to transfer the case was not presented to the district court judge as a recommendation, and thus was not adopted by the district court as its decision.

Martin has filed in this court an "objection" to the magistrate judge's order construing his 28 U.S.C. § 2241 habeas corpus application as a successive 28 U.S.C. § 2255 motion and transferring the application to this court. Martin asserts that the magistrate judge erred in finding that Martin failed to demonstrate that 28 U.S.C. § 2255 was an inadequate and ineffective remedy to test the legality of his detention. He requests that his case be transferred back to the district court for a determination on the merits.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Martin does not seek authorization pursuant to 28 U.S.C. § 2244(d) to file a successive 28 U.S.C. § 2255 motion. Rather, he seeks to invoke this court's appellate jurisdiction to review the magistrate judge's conclusions regarding his 28 U.S.C. § 2241 application.

The exercise of our appellate jurisdiction at this stage is problematic. It is questionable whether the magistrate judge had the authority to issue a final order of transfer effectively disposing of Martin's 28 U.S.C. § 2241 action without approval by the district court and, consequently, whether Martin may appeal directly to this court from the magistrate judge's transfer order. See 28 U.S.C. §§ 636(b)(1), (c)(1), & (c)(3); Trufant v.

Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984)("It is well established that the findings of a magistrate may not ordinarily be appealed directly to the Court of Appeals.").  Even if we were to assume that the magistrate judge's transfer order is an appealable order, Martin has not filed a notice of appeal, a mandatory precondition to the exercise of this court's appellate jurisdiction.  See Fed. R. App. P. 4(a); United States v. Merrifield, 764 F.2d 436, 437 (5th Cir. 1985).

We need not resolve, at this stage, the question whether we have jurisdiction to review the magistrate judge's findings regarding Martin's 28 U.S.C. § 2241 application.  Martin has requested the transfer of his action back to the district court.  Based on the foregoing, Martin's request for transfer to the district court is GRANTED.  In transferring this matter back to district court, this court makes no determination regarding the magistrate judge's prior finding that Martin's 28 U.S.C. § 2241 application must be construed as a 28 U.S.C. § 2255 motion and makes no instruction as to how the application should be construed.

Martin has also filed a 28 U.S.C. § 2241 habeas corpus application in this court that is nearly identical to the application he filed in the district.  We lack original jurisdiction to entertain his application.  Zimmerman v. Spears, 565 F.2d 310, 316 (5th Cir. 1977).  To the extent that Martin may submit an application to a circuit judge, his "application must be transferred to the appropriate district court."  Fed. R. App. P. 22(a).

MOTION TO TRANSFER GRANTED; 28 U.S.C. § 2241 APPLICATION FILED IN THIS COURT TRANSFERRED TO DISTRICT COURT PURSUANT TO RULE 22(a).