United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-10095
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX BALDOMINO,

Defendant-Appellant.

---
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CR-50-ALL
---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The current appeal represents Alex Baldomino's second attempt to appeal his guilty-plea conviction for being a felon in possession of a firearm. Baldomino's initial appeal was dismissed when counsel failed to timely order the transcript and make necessary financial arrangements. See United States v. Baldomino, No. 00-11302 (5th Cir. Dec. 11, 2000) (unpublished).

Baldomino filed a pro se 28 U.S.C. § 2255 motion requesting an out-of-time appeal due to ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Baldomino was entitled to relief. Accordingly, the district court reentered the underlying criminal judgment on the docket, appointed Baldomino's trial counsel to represent him on appeal, and instructed counsel regarding the date that the notice of appeal was due.

Notwithstanding the district court's order, counsel did not file the notice of appeal until more than six months had elapsed. Accordingly, the notice of appeal is untimely. See FED. R. APP. P. 4(b)(1). A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court. United States v. Merrifield, 764 F.2d 436, 437 (5th Cir. 1985). Because Baldomino's notice of appeal is untimely, the appeal is DISMISSED FOR LACK OF JURISDICTION.

By failing to file a timely notice of appeal on Baldomino's behalf, Guinn has failed to satisfy his duties as appointed counsel. Accordingly, IT IS ORDERED that no payment be given to Guinn for the time he spent working on this appeal.