United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20596
Conference Calendar

HENRY LEE SANDERS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-544
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Henry Lee Sanders, Texas prisoner # 666939, seeks a
certificate of appealability to appeal the dismissal of his 28
U.S.C. § 2254 petition as successive.  He intends to challenge
his conviction for possession of a controlled substance.  His
notice of appeal, however, was untimely, and, therefore, we lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurisdiction to entertain the appeal.  See United States v. Merrifield, 764 F.2d 436, 437 (5th Cir. 1985).

Only one of Sanders's postjudgment pleadings challenged the merits of the district court's judgment, and it was filed more than ten days after entry of judgment; therefore, it was properly construed by the district court as one seeking FED. R. CIV. P. 60(b) relief, and it failed to have a suspensive effect on the 30-day period prescribed for filing a notice of appeal.  See FED. R. APP. P. 4(a)(4)(A)(vi); Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003).  His notice of appeal, filed beyond the 30-day appeal period, was therefore ineffective to appeal the judgment of dismissal.

Moreover, his notice of appeal was ineffective to appeal the denial of Rule 60(b) relief, given that it was filed before the district court announced its decision in that regard.  See FED. R. APP. P. 4(a)(4)(B)(i)(premature notice is effective to appeal order denying Rule 60 relief if filed after court enters judgment but before disposition of motion).  Sanders was therefore required to file a new notice of appeal from the denial of his Rule 60(b) motion to challenge its disposition.  See Williams v. Chater, 87 F.3d 702, 705 (5th Cir. 1996).  He made no such filing, and, therefore, we are without jurisdiction to entertain any argument regarding the propriety of the district court's Rule 60 ruling.

APPEAL DISMISSED.