United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50676
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE MARIA ARCHULETA-VALERIO, also known as Chemin,
also known as Jose Luis Archuleta

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:99-CR-727-3-DB
--------------------

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Maria Archuleta-Valerio seeks to appeal his guilty-plea

conviction of conspiring to possess with the intent to distribute

marijuana.  He argues that the district court abused its

discretion in denying his motion for an extension of time to file

a notice of appeal from the final judgment.

Archuleta-Valerio did not file a timely notice of appeal

from the final judgment or from the district court's denial of

his motion for an extension of time to file a notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Merrifield</u>, 764 F.2d 436, 437 (5th Cir. 1985) (holding that a timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction); FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Archuleta-Valerio did file a pro se document that could possibly be construed as an untimely notice of appeal from the district court's denial of his motion to extend the time for filing a notice of appeal from the final judgment of conviction and sentence, and thus, a motion for an extension of time to file a notice of appeal from that order. However, we pretermit deciding whether the document should be so construed or whether we should remand the case to district court for a determination of excusable neglect for the failure to file a timely notice of appeal. See <u>United States v. Alvarez</u>, 210 F.3d 309, 310 (5th Cir. 2000); <u>United States v. Weathersby</u>, 958 F.2d 65, 66 (5th Cir. 1992). Even if Archuleta-Valerio obtained an extension of time to file a notice of appeal from the district court's denial of his motion to extend the time for filing a notice of appeal from the final judgment of conviction and sentence and then demonstrated on appeal that the district court abused its discretion in denying that motion, his challenge to the validity of his guilty plea lacks merit.

Archuleta-Valerio contends that his guilty plea was not knowingly and voluntarily entered because the district court did not inform him that he had a right to persist in his not guilty plea and that he had a right to have counsel appointed to

represent him at trial.  Archuleta-Valerio has not demonstrated that there exists a "reasonable probability that, but for the error, he would not have entered the plea."  <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, ___, 124 S. Ct. 2333, 2340 (2004).

The judgment of the district court is AFFIRMED.  The Government's motion to file a supplemental brief is DENIED as unnecessary.