Truman **COFFEY** and Patricia Coffey, Plaintiffs,

**Hanover Insurance Company, Appellant,**

v.

**WHIRLPOOL CORPORATION, a Foreign Corporation, Defendant-Appellee.**

No. 78–1822.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 30, 1978.

Decided Feb. 12, 1979.

Ronald R. Hudson of Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., filed a memorandum brief for appellant Hanover Ins. Co.

Terry W. Tippens of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., filed a memorandum brief for defendant-appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

This appeal arises out of a diversity case filed by Truman and Patricia Coffey against the Whirlpool Corporation for fire damage to their residence caused by an allegedly defective cooktop manufactured by Whirlpool. Damages were claimed to be

$44,500. After preliminary skirmishes, on December 8, 1977, a pretrial conference was held and an order entered granting plaintiff leave to file an amended petition joining Hanover Insurance Company as a party plaintiff on or before a supplemental pretrial to be held in March or April, 1978.

On June 8, 1978, Whirlpool filed a motion under Fed.R.Civ.P. 37(b), (d) and 41(b) to dismiss the Coffeys' complaint with prejudice for having failed to diligently prosecute the case, to comply with an order of the court, to respond to a request for production and to appear when noticed for disposition. The order entered by the court on that day indicates that the plaintiffs filed a counterapplication for order of dismissal without prejudice. The court overruled the defense motion and declared that the plaintiffs' application for dismissal without prejudice should be sustained "subject to certain conditions which should be imposed upon the plaintiffs Truman Coffey and Patricia Coffey and the plaintiffs' insurance carrier, Hanover Insurance Company, which is bringing this action as a subrogation action through the plaintiffs Coffey and which insurer was previously ordered through its attorney herein to be added as a proper party plaintiff."

The condition was that if the Coffeys or their insurance carrier should refile the action in either name, that as a condition to the maintenance of the action by whichever plaintiff there must be paid $1,400 of attorney's fees to Whirlpool, the amount of attorney's fees which could reasonably be expected to be incurred by Whirlpool in duplicating efforts already made in the litigation. The order includes an approval signed by a lawyer purporting to act for Hanover Insurance Company and the Coffeys.

Thereafter a pleading was filed in the name of the Coffeys to vacate the order of dismissal, in which it was stated that Hanover Insurance Company desired to be substituted as the real party in interest pursuant to Fed.R.Civ.P. 17. Its accompanying brief declared that Hanover Insurance Company was in essence the real party in interest. A proposed amendment to the complaint was attached, substituting Hanover Insurance Company as sole plaintiff and asking for damages in the amount of $39,-946.66 which it claimed as subrogee by reason of having paid the Coffeys for fire damage. The court refused to vacate the order of dismissal. It is from that order Hanover Insurance Company filed a notice of appeal to this court.

The questions here are whether Hanover Insurance Company has standing to appeal and whether the court's denial of the motion is an appealable order.

Fed.R.Civ.P. 17 says all suits shall be pursued by the real party in interest. While the court's order of dismissal indicates that the appellant Hanover Insurance Company brought the suit as a subrogation action through the plaintiffs Coffey, it nevertheless is a fact that Hanover Insurance Company is not a formal party to this litigation. It sought to file an amended complaint substituting itself as the sole plaintiff, but that was filed only as an adjunct to a motion to vacate the court's order of dismissal made on behalf of the plaintiffs Coffey. Even though counsel for the Coffeys and Hanover Insurance Company are the same, nowhere in the record does it appear that the insurance company has become a party to this litigation.

A nonparty does not have standing to appeal in the absence of most extraordinary circumstances. *See Moten v. Bricklayers, Masons and Plasterers International Union*, 177 U.S.App.D.C. 77, 543 F.2d 224 (1976). This is not such a case, since no requirement is imposed upon Hanover Insurance Company to do anything unless and until it becomes a party to the litigation. It can file an action in its own name because the dismissal by the court was without prejudice. If it files such an action and is required to make payment in accordance with the order of the court, Hanover can seek review of that, along with any other alleged errors, when it has a final judgment. At such time this court can review whether Hanover should be deemed to have consented to the condition imposed by the court by reason of its being the real party

in interest in the earlier litigation, or whether the court abused its discretion in imposing the condition.

■ If we treat Hanover Insurance Company as the real party in interest here, despite its failure to comply with Fed.R. Civ.P. 17, then we do not have an appealable order. A case dismissed without prejudice may or may not be a final appealable order, depending upon the circumstances. If it is intended to dispose of the cause of action, as where the dismissal is for failure to prosecute, then it is appealable. *See Petty v. Manpower, Inc.*, 591 F.2d 615, No. 78–1300 (10th Cir., filed this day). But where the dismissal is upon motion of the plaintiffs themselves, as here, we will not permit those plaintiffs to appeal, saying that the court should not have granted their own motion. Obviously, Hanover does not like the condition imposed by the court for refiling. But if it has not agreed to the condition for dismissal, and the condition is an abuse of the trial court's discretion, it can be reviewed upon appeal from a final order in a refiled action brought in compliance with the order of the court. Until that refiling Hanover has incurred no liability and there is nothing for us to consider.

For the reasons stated the appeal is dismissed.