953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin M. MARIN, Plaintiff-Appellant,
v.
COLORADO BOARD OF LAW EXAMINERS, Defendant-Appellee.
 No. 91-1177.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Melvin M. Marin filed an action in the United States District Court for the District of Colorado seeking a declaratory judgment and an injunction against the Colorado Board of Law Examiners. The suit alleged that the waiver of rights form which the Board of Law Examiners required for continuing processing of his application for admission to the Colorado Bar violated plaintiff's constitutional rights.
 
 
 2
 The district court scheduled a discovery and scheduling conference at which the plaintiff did not appear, plaintiff having previously indicated that he would be unable to attend the conference or do anything on the case until a month or two later. As a consequence the court ordered the case dismissed without prejudice to plaintiff's commencing another action when he was ready to proceed.
 
 
 3
 Plaintiff thereafter moved to alter the judgment of the district court, see I R. tab 19, but later filed a notice of withdrawal of that motion, stating as a basis that "the cheapest route for the court and all parties appears to be proceeding on the new complaint which plaintiff sent forward some days ago." Id. tab 20 at 2. Plaintiff then filed a timely notice of appeal from the district court's judgment of dismissal.
 
 
 4
 Contrary to the Board of Law Examiners' argument, a dismissal without prejudice of a legal action for want of prosecution is appealable. See Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir.1979); Coffey v. Whirlpool Corp., 591 F.2d 618, 620 (10th Cir.1979).
 
 
 5
 Nevertheless, we hold that the appeal has been mooted because plaintiff indeed did start over again, filing a new complaint, as indicated in his notice of withdrawal of his motion to alter the district court's judgment. The district court order of May 6, 1991, referenced the earlier dismissal as not precluding the plaintiff's filing a new action, and it states as follows:
 
 
 6
 He has now filed such an action. Pursuant to this court's rules, that action has been referred to me to determine whether it is related to this case. See D.Colo.R. 200 A.2. The new case asserts claims identical to those asserted in this case--plus a few new ones. I have now entered scheduling orders and other orders in that case. Assuming that plaintiff follows those orders, the relief requested in that case would grant him everything he seeks in this case.
 
 
 7
 Id. tab 23 at 1-2. We have been informed that that second action, Civ. Action No. 91-N-766, is ongoing, and indeed an appeal from actions taken by the district court therein has been docketed in this court as appeal No. 91-1338. Because the new action quite evidently presents the same claims as in the appeal before us, and there appears to be no statute of limitations or other problem that would preclude prosecution of that action, the instant appeal is DISMISSED as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3