956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara Sapcutt JONES, the Comanche Indian Counsel of the
Comanche Indian Tribe of August 4, 1990, and A.A.
Hopkins, and all persons similarly
situated, Plaintiffs-Appellants,
v.
Manuel LUJAN, as the U.S. Secretary of the Interior and his
subordinates who are: Joe Walker, Anadarko BIA Area
Director; Mitchel Chouteau, Superintendent for the Anadarko
Indian Agency; Phil Lujan, Chief Magistrate of the BIA CFR
Court of Indian Offenses for the Anadarko, Oklahoma Area;
Kenneth Sauppity; Mary Jo Wardeski; Jack Codopony, Jr.;
Roland Mason; Edgar Monetatchi; Vincent Wallace; The
Secretary of the U.S. Department of Housing and Urban
Development, Jack Kemp; Hugh Johnson, HUD employee in
charge of Oklahoma Indian Housing Authorities; Samuel Doc
Pewewardy; Geneva Faubush; Jeanett Jenkins; Lonnie
Tenequer; Michael Poahway; Non-Indian Hyman Copeland,
Attorney representing HUD; Comanche Housing Authority, a
HUD funded entity organized pursuant to Federal Law and
Oklahoma Housing Authorities Act, 61 Okla.Stat.Ann. 1057 et
seq.; Glen Feldman, who alleges to be the Comanche Tribal
Attorney; and All Persons, acting in participation and in
consort with said above named defendants having actual
notice thereof, Defendants-Appellees.
 No. 91-6234.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se Plaintiffs-appellants Barbara Sapcutt Jones, The Comanche Indian Counsel of The Comanche Indian Tribe of August 4, 1990, as represented by Roderick Whitewolf, and A.A. Hopkins, brought suit in federal court challenging the actions and authority of the Defendants-appellees in organizing, administering, and, ultimately, enforcing, the policies and provisions of a HUD-funded Mutual Help Home Ownership Program on allotted Indian lands. Specifically, Plaintiffs challenged the eviction policies and practices of the Comanche Housing Authority and the enforcement of such evictions by the Bureau of Indian Affairs' Court of Indian Offenses. The Complaint sought injunctive and declaratory relief.
 
 
 3
 The district court initially denied Plaintiffs' request for a temporary restraining order and ultimately denied their request for preliminary injunction. Subsequently, joint motions to dismiss were filed by the various federal Defendants and by the Comanche Business Committee and its attorney, Glen Feldman. The district court, citing Fed.R.Civ.P. 12(b)(1), dismissed the case for lack of jurisdiction based on Plaintiffs' failure to exhaust their administrative remedies.
 
 
 4
 Plaintiffs appeal, essentially rearguing the substance of their Complaint. Their brief challenges: 1) the district court's alleged determination that Plaintiffs may be evicted from allotted Indian lands by order of the Court of Indian Offenses, 2) the Secretary of the Interior's acts in allowing federal lease of allotted Indian lands and in setting up the Court of Indian Offenses "as a vehicle" to evict Plaintiffs, 3) the evictions as an unlawful encumbrance of allotted Indian lands and as an abrogation of the federal government's fiduciary responsibility, 4) the collection of attorney's fees in connection with the evictions, 5) the failure of the district court to reach the merits of the case in light of Plaintiffs' allegations of discrimination, 6) the district court's determination that this case involves primarily an intra-tribal struggle for political control, and 7) the district court's requirement that Plaintiffs exhaust their remedies in the Court of Indian Offenses, in light of their constitutional claims.
 
 
 5
 We review pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519 (1972). The standard of review applicable to a district court's dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is de novo. Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991). Our jurisdiction arises from 28 U.S.C. § 1291. Following our review of the record on appeal, we affirm the district court's dismissal for lack of jurisdiction because we conclude that Plaintiffs lack standing to pursue this action. See FW/PBS, Inc. v. City of Dallas, 110 S.Ct. 596, 607 (1990) (federal courts have an independent obligation to examine their own jurisdiction, "and standing 'is perhaps the most important of [the jurisdictional] doctrines,' " quoting Allen v. Wright, 468 U.S. 737, 750 (1984)); Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court can affirm on any grounds that find support in the record).
 
 
 6
 First, we note that Plaintiffs' brief on appeal was signed by Vida Woommavovah, Helen Cable, Burt Cable, and Lucille McClung. These individuals were not parties before the district court and have not moved to intervene. "A nonparty does not have standing to appeal in the absence of most extraordinary circumstances." Coffey v. Whirlpool Corp., 591 F.2d 618, 619 (10th Cir.1979). The record reflects no extraordinary circumstances; therefore, these individuals are not proper party appellants.
 
 
 7
 We also note that, while Plaintiffs' complaint purported to sue on behalf of "all persons similarly situated," Plaintiffs did not request class certification, and the district court did not certify this suit as a class action. Therefore, we treat this matter as an appeal by the named Plaintiff-appellants only. See Clift v. UAW, 818 F.2d 623, 626 (7th Cir.1987), vacated on other grounds, 488 U.S. 1025 (1989); see also Zepeda v. United States INS, 753 F.2d 719, 728 (9th Cir.1983).
 
 
 8
 "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). "It is well established ... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue. Article III [of the United States Constitution] ... gives the federal courts jurisdiction over only 'cases and controversies.' " Whitmore v. Arkansas, 110 S.Ct. 1717, 1722 (1990).
 
 
 9
 ... Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'
 
 
 10
 Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (citations and footnote omitted). To satisfy the "case or controversy" requirement, Plaintiffs must demonstrate that they have suffered an "injury in fact," which is actual and concrete. Whitmore, 110 S.Ct. at 1723.
 
 
 11
 "The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Id. (citations omitted). Where a plaintiff fails in his burden to allege facts essential to a determination of jurisdiction, he has no standing. FW/PBS, Inc., 110 S.Ct. at 608.
 
 
 12
 Plaintiffs' complaint alleged no facts which would support the standing of either The Comanche Tribal Indian Council of August 4, 1990 or A.A. Hopkins to bring suit challenging the alleged evictions. Additionally, the record on appeal reflects that the eviction action previously pending in the Court of Indian Offenses against Barbara Sapcutt Jones has been dismissed. Finally, lacking injury resulting from the pending eviction of Plaintiff Jones, Plaintiffs fail on appeal to allege additional facts which would give them standing to complain about the evictions.
 
 
 13
 Plaintiffs alleged generally that other Indians are being or have been evicted as a result of the HUD-funded housing program. However, Plaintiffs must assert their own rights and cannot rest their claims on the rights of others. Franchise Tax Bd. v. Alcan Aluminum Ltd., 110 S.Ct. 661, 665 (1990). Plaintiffs
 
 
 14
 must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. Unless [Plaintiffs] can thus demonstrate the requisite case or controversy between themselves personally and [Defendants], "none may seek relief on behalf of himself or any other member of the class."
 
 
 15
 Warth, 422 U.S. at 502 (citations omitted). Additionally, their allegations of other evictions are too vague to raise a claim of constitutional magnitude. See Dunn v. White, 880 F.2d 1188, 1198 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990).
 
 
 16
 Given the dismissal of the eviction suit formerly pending against Plaintiff Jones, and the absence of any allegations which would indicate current or threatened injury in fact by any of the named Plaintiffs resulting from the HUD-funded housing program or the evictions about which they complain, we conclude Plaintiffs lack standing in this case. The district court's dismissal for lack of jurisdiction was correct. FW/PBS, Inc. 110 S.Ct. at 610. Therefore, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Plaintiffs' request for en banc consideration is denied.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3