25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William G. BASKERVILLE, Shirley A. Baskerville, J.B. Foster,
Lorraine L. Foster, also known as Lorraine Laveda
Foster; Roy E. Schwasinger; William J.
Logan; Nancy L. Logan,
Plaintiffs-Appellants,
v.
FEDERAL LAND BANK, a corporation, also known as Farm Credit
Services, also known as Farm Credit Bank of Wichita,
formerly known as The Federal Land Bank of Wichita; First
Interstate Bank of Fort Collins, N.A.; Ernest L. Wimmer, an
individual; Hill, Hill, and Manges, P.C.; William F.
Dressel, an individual; Charles E. Matheson, an individual;
Fischer, Brown, Huddleson & Gunn, P.C.; Stephen J. Jouard,
an individual; Saxton, Shively, Strommen and Holst; J.A.
Simplot Company, doing business as Simplot Soilbuilders,
Defendants-Appellees.
 No. 93-1450.
 United States Court of Appeals, Tenth Circuit
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs William and Shirley Baskerville and J.B. and Lorraine Foster[2] sued several banks, law firms, judges, and individuals, after their farms and personal property were seized to satisfy certain loans. The complaint purported to request documents under the Freedom of Information Act, 5 U.S.C. 552, and included vague assertions that government agencies perpetrated a fraud through the Federal Land Bank, and that various state and federal employees caused the plaintiffs damage.
 
 
 4
 The district court granted the defendants' motions to dismiss on the grounds that (1) the complaint failed to state a claim; (2)the judges were absolutely immune from suit; and (3)defendants were not properly served. Plaintiffs' action was dismissed after they failed to submit a timely amended complaint.
 
 
 5
 On appeal, plaintiffs have submitted a rambling and almost unreadable brief which raises no issues. We are not obliged to manufacture a party's argument on appeal when the party fails to carry its burden of drawing our attention to errors below. SEC v. Thomas, 965 F.2d 825, 826 (10th Cir.1992). After reviewing the record, we see no error and affirm for the reasons set forth in the district court's orders.
 
 
 6
 Plaintiffs' outstanding motions, including the document entitled "Judicial Notice," are DENIED. Judge Dressel's motion to join in the federal appellees' brief is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED, and the mandate shall issue forthwith.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although the notice of appeal and briefs name Roy E. Schwasinger, William J. Logan, and Nancy L. Logan as plaintiffs-appellants, we note that these individuals were denied leave to intervene in the district court and thus lack standing to join in the appeal. See Coffey v. Whirlpool Corp., 591 F.2d 618, 619 (10th Cir.1979)