**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOHN PATRICK FLETCHER,

    Plaintiff-Appellant,

v.

INMATE BANK; STATE
CONTROLLER; TANYA
WHITNEY; UNKNOWN PRISON
OFFICIALS; RICK RAEMISCH,

    Defendants-Appellees.

No. 18-1253
(D.C. No. 1:17-CV-02751-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Mr. John Patrick Fletcher brought this suit to challenge Colorado's

banking system for inmates. In his first amended complaint, Mr. Fletcher

asserted 23 claims. On screening, the magistrate judge determined that the

complaint violated Fed. R. Civ. P. 8, explaining nine separate defects.

---

[*]    Mr. Fletcher does not seek oral argument, so we have decided the
appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); Tenth Cir. R.
34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited if otherwise appropriate. *See* Fed.
R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

Given these defects, the magistrate judge ordered Mr. Fletcher to file a second amended complaint. Mr. Fletcher complied, but the district judge dismissed both the second amended complaint and the entire action, concluding that the new version of the complaint still didn't comply with Rule 8.[1] Mr. Fletcher asserts four grounds for appeal; none is meritorious, so we affirm the dismissal.

Mr. Fletcher first challenges the constitutionality of 42 U.S.C. § 1997e(e). This statute restricts recovery for mental or emotional damages absent a physical injury. But the district court did not dismiss the second amended complaint or the action based on § 1997e(e). This challenge lacks any bearing on the district court's reasons for dismissal.

As his second argument on appeal, Mr. Fletcher insists that he had a protected liberty interest in avoiding "criminal victimization." But the district court did not dismiss the second amended complaint or the action based on the absence of a liberty interest. So this argument lacks any bearing on the district court's reasons for dismissal.

---

[1] The dismissal was without prejudice. This kind of dismissal would not ordinarily constitute a final decision. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). Here, though, the district court dismissed not only the second amended complaint but also the action itself. By terminating the action, the court issued a final decision. *See Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979) (per curiam) (stating that a dismissal without prejudice is a final appealable order when the district court "intended to dispose of the cause of action").

Mr. Fletcher's third appeal point attacks the validity of Local Civil Rule 8.1. This local rule requires the district court to screen complaints filed by prisoners and other claimants who proceed in forma pauperis. Even without the local rule, however, the district court would need to screen the complaint. *See* Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

Mr. Fletcher suggests that the district court went beyond these statutes by screening for compliance with Rule 8. But the court can review compliance with Rule 8 through another rule: Fed. R. Civ. P. 41(b). *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007) (Gorsuch, J.). And the court can invoke Rule 41(b) sua sponte. *Id*. at 1161 n.2; *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). So Mr. Fletcher's third appeal point lacks merit.

Fourth, Mr. Fletcher challenges the dismissal as incompatible with the requirement to liberally construe pro se pleadings and Fed. R. Civ. P. 8(d)(1)–(2), 8(e), 10(c), and 18(a). These challenges lack merit.

As Mr. Fletcher suggests, we liberally construe pro se pleadings. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). But the opportunity for liberal construction does not relieve pro se litigants of the obligation to comply with the Federal Rules of Civil Procedure, including Rule 8. *Id.*; *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Mr. Fletcher relies on Rules 8(d)(1)–(2), 8(e), 10(c), and 18(a), but they do not bear on the district court's reasons for dismissal. Rule 8(d)(1) states that pleadings need not follow a "technical form," but the district court did not require a technical form. Rule 8(d)(2) permits alternative allegations, but the district court did not dismiss the second amended complaint based on the presence of alternative allegations. Rule 8(e) requires construction of pleadings "so as to do justice," but this requirement does not relieve pleaders of the need to comply with Rule 8(a). Rule 10(c) allows incorporation of statements by reference, but the district court did not dismiss the second amended complaint based on the incorporation of other statements. Rule 18(a) allows joinder of multiple claims, but the opportunity to include multiple claims did not eliminate the obligation to comply with Rule 8.

Having rejected each of Mr. Fletcher's four appeal points, we affirm.

\* \* \*

Mr. Fletcher also moves for leave to proceed on appeal without prepayment. We grant this motion. But we remind Mr. Fletcher that he remains obligated to continue making partial payments until he has fully paid the filing fee.

In addition, Mr. Fletcher moves to notify the court of his constitutional challenge to 42 U.S.C. § 1997e(e). This motion is apparently designed to notify the court clerk's office rather than seek substantive

4

relief. Under federal law, the clerk's office must supply a certification to the Attorney General of the United States when a party challenges the constitutionality of a federal statute and the parties do not include the federal government, a federal agency, or a federal employee. 28 U.S.C. § 2403(a); Fed. R. App. P. 44(a). Thus, the Court asks the clerk's office to send Mr. Fletcher's opening appeal brief and this Order and Judgment to the Attorney General.

Entered for the Court

Robert E. Bacharach
Circuit Judge