**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MELISSA PHILLIPS,

    Plaintiff - Appellant,

v.

JESSE JAMES; JESSICA BROWN;
DAVID DOBSON; JESSE PETTY,

    Defendants - Appellees.

No. 23-7027
(D.C. No. 6:21-CV-00256-JFH-GLJ)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Plaintiff Melissa Phillips, appearing pro se, appeals from the district court's dismissal without prejudice of her amended complaint against four individual members of the Choctaw Nation's tribal police department.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons given by the district court, as summarized below.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

### I.    Plaintiff's Allegations

Ms. Phillips filed her original complaint in August 2021 against tribal police officers Jesse James, Jessica Brown, and David Dobson.  On September 9, 2021, she filed an amended complaint adding Chief of Police Jesse Petty.  Liberally construed,[1] the Amended Complaint asserted numerous state-law tort claims against the defendants, including intentional and negligent infliction of emotional distress, slander, and defamation; violations of various Oklahoma statutes and the federal Violence Against Women's Act (VAWA); and violations of the Fourth and Fourteenth Amendments.  All claims stem from the defendants' alleged mishandling of a prolonged dispute between Ms. Phillips and her neighbor.

The underlying facts are set forth in extensive, at times impenetrable fashion in the Amended Complaint as well as a later complaint filed in the Choctaw Nation District Court.[2]  The dispute began in July 2021 when Ms. Phillips's neighbor

---

[1] As a pro se litigant, Ms. Phillips is entitled to a liberal construction of her filings.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But she must still comply with the same rules as other litigants, and we do not act as her "attorney in constructing arguments and searching the record."  *Id.*

[2] "In ruling on a motion to dismiss for failure to state a claim, all well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party."  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (brackets and internal quotation marks omitted).  The defendants submitted Ms. Phillips's tribal complaint to the district court to support their tribal court exhaustion argument, and it is included in the record on appeal.  Although we have not relied on its allegations in determining

2

initiated a campaign of stalking and dangerously harassing behavior towards her. The neighbor's conduct, which encompassed multiple instances of trespassing on Ms. Phillips's property, spying on her, and menacing her with a gun, prompted Ms. Phillips in August 2021 to obtain an ex parte protective order against the neighbor from the tribal court. This lawsuit arises out of the defendants' actions or inaction in connection with this protective order. Ms. Phillips alleges the defendants failed to enforce the order and thus allowed her neighbor's abusive behavior to continue, failed to provide the documentation that she needed for the final protective order hearing on November 5, 2021, and failed to refer violations of the order to the office of the tribal prosecutor. Sprinkled throughout Ms. Phillips's pleadings are allegations that defendants discriminated against her because she is a Cherokee woman and disabled. She also contends the defendants wrongly believed the tribal court lacked jurisdiction to enforce the protective order against her neighbor because he is a not a tribal member. And she alleges the defendants retaliated against her after she filed this lawsuit and defamed her by calling her a liar.

In the "Relief Needed and Requested" section of her Amended Complaint, Ms. Phillips requested numerous declarations, which can be loosely categorized as follows: (1) an order declaring that tribal court jurisdiction extends to protective order matters between tribal and non-tribal members; (2) an order declaring that defendants' handling of the protective order matter violated her civil rights; and

---

whether her federal-court complaint states a claim, we have considered them to the extent they help us understand the factual background of her claims.

(3) an order instructing the tribal police to follow federal statutes governing tribal court jurisdiction.[3]  Ms. Phillips also asked the district court to order the defendants to produce various incident reports and to refer her neighbor's alleged criminal conduct to the tribal prosecutor.  In addition, the Amended Complaint sought emergency orders directing an FBI investigation into her allegations and referring violations of the protective order to a federal prosecutor.  Finally, Ms. Phillips sought money damages against the defendants jointly and severally in the amount of $250,000 plus punitive damages.

## II.    Dismissal of the Amended Complaint

On January 1, 2022, the defendants filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b), asserting lack of jurisdiction based on sovereign immunity, arguing the real party in interest here is the Choctaw Nation.  Defendants also raised defenses of qualified immunity, failure to state a claim, and omission of a necessary party (the Choctaw Nation).  On February 6, 2023, the district court, adopting a January 18, 2023, report and recommendation of the magistrate judge, granted defendants' motion and dismissed the Amended Complaint without prejudice.[4]  As discussed below, the district court's decision was

---

[3] In her appeal brief, Ms. Phillips contends, "[t]he main reason for [the] declarative order was to declare that tribes DO have criminal jurisdiction over non-Indians under VAWA . . . ."  Aplt. Opening Br. at handwritten p. 4.

[4] The district court subsequently reopened the case to consider Ms. Phillips's untimely objection to the report and recommendation and several other motions that she filed challenging the dismissal of the action.  In an order dated March 24, 2023,

based on sovereign immunity, Ms. Philipps's failure to state a claim under the Federal Rules of Civil Procedure, and comity concerns underpinning the tribal exhaustion rule.

### a. Sovereign Immunity

As the district court explained, "Native American tribes, such as the Choctaw Nation, enjoy the same immunity from suit enjoyed by other sovereign powers and are 'subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.'" R. at 178 (quoting *Kiowa Tribe of Okla. v. Mfg. Techs, Inc.*, 523 U.S. 751, 754 (1998)). "[A] tribe's immunity generally immunizes tribal officials from claims made against them in their official capacities." *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir. 2008). This means "that tribal officials are immunized from suits brought against them *because of* their official capacities—that is, because the powers they possess in those capacities enable them to grant the plaintiffs relief on behalf of the tribe." *Id.*

The district court recognized this doctrine does not immunize individual members of the tribe. "[I]ndividual defendants may be sued in their individual capacities even where a suit arises out of actions the individuals took in their official capacities." R. at 179. "Where a suit is brought against the agent or official of a sovereign, to determine whether sovereign immunity bars the suit, we ask whether

---

the court overruled Ms. Phillips's objection and denied her other motions, which it construed together as a motion to reconsider under Fed. R. Civ. P. 59(e).

5

the sovereign is the real, substantial party in interest." *Native Am. Distrib.*, 546 F.3d at 1296 (internal quotation marks omitted). "This turns on the relief sought by the plaintiffs." *Id.* at 1297 (quotation marks omitted). As the district court explained, "[i]f the relief sought is only nominally against the official and is in fact against the official's office, then the real party in interest is the sovereign and the suit will be barred on the basis of sovereign immunity." R. at 179 (citing *Lewis v. Clarke*, 581 U.S. 155, 161-62 (2017)). If, however, a plaintiff sues an individual for monetary damages arising out of that person's unconstitutional or wrongful conduct, "sovereign immunity does not bar the suit so long as the relief is sought not from the sovereign's treasure but from the officer personally." *Native Am. Distrib.*, 546 F.3d at 1297 (internal quotation marks and brackets omitted).

The district court characterized plaintiff's various requests for equitable relief as essentially seeking a collection of orders instructing the Choctaw Nation how to enforce a protective order issued by its own court. The district court explained that such orders—for example, one compelling the defendants to refer protective order violations to the tribal prosecutor—would necessarily be directed to the defendants in their official capacities as tribal police officers, not as individuals. The court thus concluded "the real party in interest for all claims related to [plaintiff's] equitable prayers for relief is the Choctaw Nation and these claims are barred by sovereign immunity." R. at 181.

6

### b.  Failure to State a Claim

The district court was careful to distinguish Ms. Phillips's claims for money damages from her equitable claims barred by sovereign immunity:  "[h]ere, the prayer for monetary damages is asserted . . . in a way that does not implicate the Choctaw Nation or its treasury, thus tribal sovereignty will not operate to bar any claims related to that prayer for relief."  R. at 181.  The court concluded, however, that Ms. Phillips failed to tie her damages request to the "unadorned listing of causes of action" in her Amended Complaint.  *Id.* at 182.  The court acknowledged Ms. Philipps's attempt to allege constitutional violations but explained that a cognizable claim offers more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Ultimately, the Amended Complaint failed to connect Ms. Philipps's federal claims to her request for monetary damages, and the court concluded that doing so on her behalf would impermissibly cast it in "the role of advocate for the *pro se* litigant."  R. at 182.

### c.  The Tribal Exhaustion Rule

The district court properly raised the tribal exhaustion rule sua sponte.  *United States v. Tsosie*, 92 F.3d 1037, 1041 (10th Cir. 1996).  It "provides that as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its federal question or diversity jurisdiction, if those cases are also subject to tribal

7

jurisdiction, until the parties have exhausted their tribal remedies." *Id.*[5]  The rule reflects "Congress's strong interest in promoting tribal sovereignty" and the presumption that jurisdiction "lies in tribal court unless Congress has expressly limited that jurisdiction." *Id.* (internal quotation marks and ellipsis omitted).  We have held that when it comes to jurisdictional questions in particular, federal courts should not intervene until the tribal court has had a full opportunity to examine the issue. *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1502 (10th Cir. 1997).

As the district court noted, this circuit takes a "strict view" of the tribal exhaustion rule.  R. at 183; *see Kerr-McGee*, 115 F.3d at 1507.  We have held that "federal courts should abstain when a suit sufficiently implicates Indian sovereignty or other important interests." *Kerr-McGee*, 115 F.3d at 1507 (internal quotation marks omitted).  The district court explained, when a dispute is "a 'reservation affair,' comity concerns almost always dictate that the parties exhaust their tribal remedies before resorting to the federal forums." R. at 183 (internal quotation marks omitted); *see also Kerr-McGee*, 115 F.3d at 1507 (observing, "when the dispute is a 'reservation affair' there is no discretion not to defer" (internal quotation marks omitted)).  When a dispute is not a reservation affair, the comity analysis requires

---

[5] The tribal exhaustion rule does not require a pending action in tribal court, *Tsosie*, 92 F.3d at 1041, and it does not appear that a tribal court action was pending when the court dismissed the Amended Complaint in this case.  We note, however, that Ms. Phillips has since filed an action in Choctaw District Court seeking much the same equitable relief sought here.  In the certificate of service attached to that complaint, she states:  "copies of this complaint shall be given to the federal court to show attempt to resolve matters at tribal level as the court wants any tribal remedy exhausted first."  R. at 279 (capitalization omitted).

examination of the policy concerns set forth in *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856-57 (1985). Those concerns are "(1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary." *Kerr-McGee*, 115 F.3d at 1507.

The district court first asked whether this case presents a "reservation affair." In doing so, the court considered "whether the claims at issue implicate tribal interests;" whether the case "implicates tribal law or policy;" "whether a tribal-court proceeding involving the same parties is pending;" and "whether resolution of the dispute involves interpretations of tribal law." R. at 184. The court found a strong tribal nexus in this case, noting the tribe's considerable interest in protecting the rights of its members and employees. This, in addition to the tribal law and policy concerns implicated by plaintiff's allegations convinced the court this case is a reservation affair that should be decided by the tribal court.

The district court's thorough analysis did not stop there. Despite concluding this case is a reservation affair, the court dutifully went on to assess its abstention obligation under *National Farmers*. It reasoned, "[a]s this case concerns in large part the Choctaw Nation's internal policies and laws, the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." R. at 185 (internal quotation marks omitted). The court further reasoned

9

that exercising its jurisdiction "would only serve to contravene the federal policy of supporting tribal self-government." *Id.* at 186. Finding no applicable exceptions to the tribal exhaustion rule,[6] the district court ultimately concluded that none of the *National Farmers* policy objectives "would be advanced by the exercise of federal jurisdiction over a matter concerning a protective order originating in the Choctaw Nation Tribal Courts and enforced by Choctaw Nation employees." *Id.* at 185. It therefore dismissed Ms. Phillips's federal claims as a matter of comity.[7]

## DISCUSSION

### I.

Because the dismissal in this case was without prejudice, we examine our jurisdiction. In general, this court has jurisdiction only over "final decisions of the district courts." 28 U.S.C. § 1291. "A case dismissed without prejudice may or may not be a final appealable order, depending upon the circumstances." *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979). "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." *Moya v.*

---

[6] "As a prudential rule based on comity, the tribal exhaustion requirement is subject to several exceptions." *Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1243 (10th Cir. 2017). Given this court's strict view of the tribal exhaustion doctrine, the exceptions, which are detailed in *Norton*, are applied narrowly. *Id.*

[7] Having dismissed all the federal claims, the district court declined to exercise supplemental jurisdiction over Ms. Phillips's state law claims. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998).

*Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (internal quotation marks omitted). But "an order is not necessarily devoid of finality simply because it speaks in terms of dismissal of the complaint." *Id.* "In evaluating finality, . . . we look to the *substance* and *objective intent* of the district court's order, not just its terminology." *Id.* Here the district court denied any further amendment to the complaint as futile and entered judgment against Ms. Phillips in favor of the defendants. Under these circumstances, it is clear the district court intended to dismiss the entire action. We thus have jurisdiction under § 1291 to hear this appeal.

To the extent the district court dismissed Ms. Philipps's claims for lack of subject matter jurisdiction or failure to state a claim, our review is de novo. *See Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 (10th Cir. 2019) (stating standard of review applicable to subject matter jurisdiction dismissal) and *Brokers' Choice*, 861 F.3d at 1104 (failure to state a claim). "We review a dismissal on exhaustion grounds for an abuse of discretion." *Tsosie*, 92 F.3d at 1041 (internal quotation marks omitted). A "district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. The proper scope of the tribal exhaustion rule, however, is a matter of law which we review de novo." *Id.* (internal quotation marks and citation omitted).

## II.

Although she frames the argument in several different ways, Ms. Phillips's chief contention on appeal is that the district court erred in requiring exhaustion of

11

her claims in tribal court.[8]  She does not challenge the court's sovereign immunity ruling but argues Choctaw law forecloses her claims against the individual defendants and, therefore, the court's dismissal of this action amounted to denial of access to the courts.  Ms. Philipps does not cite to any such tribal law, however, or point to any unsuccessful effort she has made to seek monetary damages against the individual defendants in tribal court.  Moreover, Ms. Phillips fails to address the district court's conclusion that her claims against the individual defendants failed to satisfy the pleading requirements of the federal rules of civil procedure under *Twombly*, 550 U.S. at 555.

Having thoroughly reviewed the briefs and the record, along with the well-reasoned magistrate judge's report and recommendation and the district court's decision adopting it, we find no reversible error or abuse of discretion.  We conclude the district court correctly characterized plaintiff's requested equitable remedies as seeking relief against the Choctaw Nation rather than the defendants in their individual capacities.  Accordingly, those claims were properly dismissed for lack of jurisdiction based on tribal sovereign immunity.  To the extent the Amended Complaint sought to allege claims against defendants in their individual capacities,

---

[8] We do not address Ms. Phillips's vague assertions of wrongdoing against defense counsel, which are neither particularized nor supported by any record citations.  *See* Fed. R. App. P. 28(a)(8)(A) (requiring "appellant's contentions and the reasons for them" be supported by "citations to the authorities and parts of the record on which the appellant relies").

we agree with the district court's *Twombly* analysis.  Finally, we agree that abstention is warranted here based on the comity concerns underlying the tribal exhaustion rule.

## CONCLUSION

We affirm for substantially the same reasons set forth in the magistrate judge's report and recommendation, dated January 18, 2023, which was adopted by the district court in its order of February 6, 2023.

Entered for the Court


Bobby R. Baldock
Circuit Judge